SCHALK v MICHIGAN SEWER CONSTRUCTION COMPANY

1. WORKMEN'S COMPENSATION—INSURANCE CARRIERS—TORTS—
    WAIVER OF RIGHTS—REIMBURSEMENT—COSTS OF RECOVERY—
    PROPORTIONATE EXPENSES.

    An injured party entitled to collect Workmen's Compensation is
    permitted to sue a third-party tortfeasor without waiving any
    rights he may have to collect compensation from an insurance
    carrier for his employer but from any recovery resulting from
    the suit he must reimburse the carrier, after deducting his
    proportionate expenses of recovery, for money it paid and will
    have to pay to him as compensation; the costs of recovery must
    be shared proportionately by the injured party and the insur-
    ance carrier (MCLA 418.827[5], [6]).

2. WORKMEN'S COMPENSATION—INSURANCE CARRIERS—THIRD-PARTY
    TORTFEASORS—ADVANCE PAYMENT CREDIT—RECOVERY.

    A workmen's compensation carrier is entitled to an advance
    payment credit for workmen's compensation benefits due in the
    future as well as benefits already paid to an employee injured
    during the course of employment where the employee recovers
    damages from a third-party tortfeasor.

3. WORKMEN'S COMPENSATION—INJURED EMPLOYEE—INSURANCE CAR-
    RIERS—THIRD-PARTY TORTFEASORS—RECOVERY—EXPENSES OF
    RECOVERY—APPORTIONMENT.

    Expenses of recovery of damages from a third-party tortfeasor for
    an employee entitled to Workmen's Compensation are appor-
    tioned between the injured employee and the workmen's com-
    pensation insurance carrier by adding the amount returned to
    the carrier for benefits already paid to the combined recovery
    costs of both the insured and insurer and subtracting this total
    figure from the total recovery received by the insured; this total
    figure is credited to the carrier as advance payments and when
    added to the amount returned to the carrier for benefits al-
    ready received, and the new total divided into the total recov-

REFERENCE FOR POINTS IN HEADNOTES
[1-3] 58 Am Jur, Workmen's Compensation §§ 358, 360.

ery by the injured employee, gives the percentage total of recovery costs which the insurance carrier must bear.

Appeal from Macomb, George R. Deneweth, J. Submitted Division 2 June 4, 1975, at Lansing. (Docket No. 21083.) Decided July 22, 1975. Leave to appeal applied for.

Complaint by Allen Schalk and Mildred Schalk against Michigan Sewer Construction Company and others for damages for negligence. Aetna Casualty and Surety Company intervened as plaintiff. Judgment for plaintiffs. Aetna appeals on the issue of apportionment of the costs of recovery.

*Kauflin & Elliott,* for plaintiffs Schalk.

*Vandeveer, Garzia, Tonkin, Kerr and Heaphy, P. C.,* for intervening-plaintiff Aetna Casualty and Surety Company.

*Richard A. Harvey,* for defendant Michigan Sewer Construction Company.

Before: BASHARA, P. J., and J. H. GILLIS and M. F. CAVANAGH, JJ.

J. H. GILLIS, J. Plaintiff-appellee, Allen Schalk, received severe injuries which arose out of and in the course of his employment. Appellant, workmen's compensation insurance carrier of Allen Schalk's employer, paid appellee's medical expenses and compensation award from the date of the injury to the date of Schalk's action against the defendants.

The Schalks commenced a negligence action against the third-party defendant, Forsyth, as a third-party tortfeasor pursuant to MCLA 418.827; MSA 17.237(827). A $125,000 settlement was

reached, with appellee receiving $110,000 and his wife $15,000.

On July 1, 1974 the trial judge entered an order awarding attorney fees, apportioning the cost of recovery and approving the distribution of settlement proceeds.

In making this order, the trial judge found the following facts. First, the settlement figure which these parties were concerned with was $110,000. This figure was derived by taking the total settlement ($125,000) and subtracting Mrs. Schalk's interest ($15,000). Second, the plaintiff expended $37,232.95 for attorney fees and incidental expenditures in suing the third-party defendants. Third, appellant insurance company expended $1,600 for attorney fees in joining plaintiffs' suit against the third-party defendants. The trial judge also found that the insurance company had paid plaintiff $22,588.13 in benefits by the time this case was settled.

After determining the above figures, the trial judge ruled that the insurance company was required to pay $23,299.77 as its share of the "expenses of recovery". This holding was based on MCLA 418.827(6); MSA 17.237(827)(6), as interpreted in *Crawley v Schick,* 48 Mich App 728; 211 NW2d 217 (1973). While we find it unnecessary to explain how the trial judge arrived at this figure, we have determined that he incorrectly applied the *Crawley* formula.

Under MCLA 418.827; MSA 17.237(827), an injured party is permitted to sue a third-party tort-feasor without that injured party waiving any right to collect from the insurance carrier. MCLA 418.827(1); MSA 17.237(827)(1). If such a suit results in recovery for the injured party, that party must reimburse the insurance carrier for money it

paid and will have to pay to him as compensation. MCLA 418.827(5); MSA 17.237(827)(5). The "expenses of recovery" may, however, be first deducted from any recovery gained from the third-party tortfeasor. MCLA 418.827(5); MSA 17.237(827)(5). It has been determined that the costs of recovery must be shared proportionately by the injured party and the insurance carrier. MCLA 418.827(6); MSA 17.237(827)(6), *Crawley v Schick, supra.*[1]

The issue on appeal in the instant case concerns the proportioning of the recovery costs between the carrier and plaintiff-husband. Our reading of *Crawley, supra,* convinces us that the following analysis is proper. The relevant settlement amount is $110,000. The combined recovery costs of plaintiffs and the carrier are $38,832.95 ($36,666.67 for plaintiffs' attorney fees, $1,600 for the carrier's attorney fees and $566.28 expenses). The carrier is entitled to $22,588.13 for benefits already paid. In addition, the carrier is entitled to treat the remaining $48,578.92 as "advance payments" to plaintiff-husband. MCLA 418.827(5); MSA 17.237(827)(5). The carrier received a benefit, therefore, of $71,167.05 ($22,588.13 plus $48,518.92). The carrier's share of the cost of recovery, in percentage terms, is 64.6973% (obtained by dividing $71,167.05 by $110,000). The carrier's share of the cost of recovery, in monetary terms, is $25,122.87 ($38,832.95 multiplied by .646973).

[1] Although the insurance company's brief in the instant case is quite ambiguous, it appears that they are contending that the carrier should not have to bear any of the costs of recovery. This contention does violence to the equitable rationale of MCLA 418.827; MSA 17.237(827). It is only fair that the carrier, who stands to gain much more than the plaintiff does in a suit against the third party, bear at least a portion of the recovery costs. For a discussion of the contention that the carrier ought to bear the entire cost, *see Kroll v Hyster Co,* 48 Mich App 753; 211 NW2d 81 (1973); *lv granted,* 391 Mich 756 (1974).

Since under the trial judge's formula the carrier was only required to pay $23,299.77 for costs of recovery, his determination was erroneous. However, the plaintiff-husband in his brief indicated complete satisfaction with the decision, and chose not to file a cross-appeal. GCR 1963, 807. Since the carrier suffered no prejudice by the trial court's error, and since plaintiff-husband failed to contest the decision, we affirm the awards as enunciated by the trial court.

Affirmed. Costs to appellee.