KROLL v HYSTER COMPANY

Docket No. 55239. Argued September 12, 1974 (Calendar No. 15).—
Decided December 7, 1976.

Leslie Kroll and Louise Kroll brought an action in Wayne Circuit
Court, Charles S. Farmer, J., against Hyster Corporation and
Joseph A. Ratonetti for damages for injuries sustained while
Leslie Kroll was operating a forklift truck manufactured by
Hyster during the course of his employment with Superior
Sliding Door Frame Company. Liberty Mutual Insurance Com-
pany, the workmen's compensation carrier for Kroll's em-
ployer, intervened. Verdict and judgment of $175,000 for Leslie
Kroll and $50,000 for Louise Kroll, and of the recovery of
Leslie Kroll, $32,337.39 was ordered to be paid to the insurer to
reimburse it for compensation paid with the provision that the
insurer must pay Kroll's lawyer 33-1/3% as attorney fees, and
nothing was allowed as a fee for the insurer's attorneys. The
Court of Appeals, Fitzgerald, P. J., and T. M. Burns and Adams,
JJ., reversed and remanded for a hearing to determine the
value of the services of the insurer's attorney (Docket No.
13887). Leslie Kroll appealed. Liberty Mutual Insurance Com-
pany cross-appeals, contending that the Court of Appeals
erred in concluding that the trial court's award of attorney fees
was reasonable. *Held:*

The decision of the Court of Appeals is affirmed, and the case
is remanded to circuit court for a hearing to determine the
value of the services of the insurer's attorney. The decision of
the Court of Appeals did not offer guidance to the circuit court
on the method it should use in calculating the attorney fees,
and that part of the decision of the Court of Appeals is affirmed
by an equally divided Supreme Court.

Chief Justice Kavanagh, with whom Justice Levin concurred,
agreed that failure to award a fee to the attorney of the insurer
was erroneous. Complete denial of any share to a party's
attorney would have been supported only by a showing that the

REFERENCES FOR POINTS IN HEADNOTES

[1–9] 82 Am Jur 2d, Workmen's Compensation §§ 437, 644–647.
Compensation of attorneys for services in connection with claims
under workmen's compensation act. 159 ALR 912.

attorney's services were not necessary to the adequate representation of his client. He would hold that the provision in the judgment ordering the insurer to pay Kroll periodically amounts of the attorney fee allocable to future compensation should be deleted. The insurer should pay that portion of the expenses of recovery which bears the same relationship to the total expenses of recovery as the amount of the reimbursement for benefits previously paid (before reduction on account of such portion) bears to the amount of the recovery (before reduction on account of such expenses).

Justice Williams, with whom Justice Coleman concurred, agreed that compensation of the insurer's attorney from the employee's recovery is allowed by statute where the attorney has contributed to the preparation and trying of the suit. Expenses of recovery are to be shared by the insurer and the employee, and these expenses include attorney fees. He would hold that in making this determination, the trial court shall be guided by GCR 1963, 928, which establishes reasonable limits of the fees that may be charged in a suit for personal injury or wrongful death. The trial court should also review the reasonableness of the fee agreement between the insurer and its attorney. If the attorneys have agreed upon a division of the reasonable total fees, the trial court should abide by the agreement. The court should consider the value of the services performed by the attorneys, the fee agreement each attorney had with his client, and the amount of work each attorney did, and protection of the incentive to take third-party actions on a contingent-fee basis. The interest of the insurer at the time of the recovery includes its ascertainable reduced liability for future compensation benefits as well as the amount of compensation already paid to the employee. Monthly payments by the insurer to the employee to cover its fair share of the expenses of recovery as its credit for advance payment of compensation takes effect is a reasonable method of appropriating the expense of recovery.

Justice Fitzgerald, Justice Lindemer, and Justice Ryan took no part in the decision of this case.

48 Mich App 753; 211 NW2d 81 (1973) affirmed.

DECISION OF THE COURT

1. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—EXPENSES—ATTORNEY FEES.

The fees of a workmen's compensation carrier's attorney are a reasonable cost of recovery where an employee covered by the

Workmen's Compensation Act and injured during the course of his employment institutes suit and recovers or settles his claim against a third party causing the injuries and where the attorney engaged by the carrier contributes services toward the successful result; the attorney representing the carrier is entitled to be paid for those services out of the settlement or judgment obtained against the third-party tortfeasor, and the trial court is charged by statute with determining the reasonable expenses of recovery, including attorney fees (MCL 418.827; MSA 17.237[827]).

OPINION BY KAVANAGH, C. J.

LEVIN, J.

2. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—ATTORNEY FEES —APPORTIONMENT.

*A reasonable attorney fee, in an action by a workmen's compensation beneficiary against a third-party tortfeasor in which the workmen's compensation insurance carrier has intervened, should be divided between the attorney for the workman and the attorney for the insurer; complete denial of any share to one party's attorney can be supported only by a showing that that attorney's services were not necessary to the adequate representation of his client (MCL 418.827[5], 418.827[6]; MSA 17.237[827][5], 17.237[827][6]).*

3. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—EXPENSES—APPORTIONMENT.

*A trial court erred in requiring a workmen's compensation carrier which intervened in an employee's action against a third-party tortfeasor to pay the employee periodically amounts of attorney fees allocable to future payments of workmen's compensation benefits; the statute provides for apportionment of expenses of recovery, including attorney fees, as the interests of the parties appear at the time of recovery (MCL 418.827[5], 418.827[6]; MSA 17.237[827][5], 17.237[827][6]).*

4. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—EXPENSES—APPORTIONMENT.

*Expenses of recovery in an action against a third-party tortfeasor by a workmen's compensation beneficiary are to be apportioned between the employee and the employer or the employer's workmen's compensation carrier as their interests appear at the time of the recovery without regard to whether future workmen's compensation benefits may or in fact do become payable (MCL 418.827[6]; MSA 17.237[827][6]).*

5. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—EXPENSES—AP-
PORTIONMENT.

   *A workmen's compensation carrier which intervenes in an em-
   ployee's action against a third-party tortfeasor shall pay that
   portion of the expenses of recovery which bears the same
   relationship to the total expenses as the amount of the reim-
   bursement for workmen's compensation benefits previously
   paid, before reduction on account of such portion, bears to the
   amount of the recovery, before reduction on account of such
   total expenses.*

OPINION BY WILLIAMS, J.

COLEMAN, J.

6. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—EXPENSES—AT-
TORNEY FEES.

   *The expenses of recovery in an action by a workmen's compensa-
   tion beneficiary against a third-party tortfeasor in which the
   workmen's compensation insurance carrier has intervened in-
   clude reasonable attorney fees for the insurer's attorney where
   he has participated in preparing and trying the suit (MCL
   418.827[5], 418.827[6]; MSA 17.237[827][5], 17.237[827][6]).*

7. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—ATTORNEY FEES
—APPORTIONMENT.

   *The trial court is charged by statute with determining reasonable
   expenses of recovery, including attorney fees, of a workmen's
   compensation carrier which intervened in an action by a work-
   men's compensation beneficiary against a third-party tortfea-
   sor; in making the determination of the reasonable total attor-
   ney fees, the trial court should be guided by the court rule
   which establishes reasonable limits of the contingency fees that
   may be charged in a suit for personal injury or wrongful death,
   and should review the reasonableness of the fee agreement
   between the insurer and its attorney; if the attorneys have
   agreed upon a division of fees, the trial court should abide by
   the agreement (MCL 418.827[6]; MSA 17.237[827][6]; GCR 1963,
   928).*

8. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—ATTORNEY FEES
—APPORTIONMENT.

   *Division of attorney fees between the plaintiff's attorney and the
   attorney for a workmen's compensation insurance carrier
   which intervened in an action by a workmen's compensation
   beneficiary against a third-party tortfeasor is made by the trial
   court which is to consider (1) the value of the services per-*

*formed by the attorneys, (2) the agreement each attorney had with his client, (3) the amount of work each attorney did, and (4) protection of the incentive to take third-party actions on a contingent-fee basis (MCL 418.827[6]; MSA 17.237[827][6]).*

9. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—EXPENSES—APPORTIONMENT.

*Expenses of recovery in an action against a third-party tortfeasor by a workmen's compensation beneficiary are to be apportioned between the employee and the employer or the employer's workmen's compensation carrier as their interests appear at the time of the recovery which includes the insurer's ascertainable reduced liability for future compensation benefits as well as the amount of compensation already paid to the beneficiary (MCL 418.827[6]; MSA 17.237[827][6]).*

*Kelman, Loria, Downing, Schneider & Simpson* for plaintiffs.

*Johnson, Campbell & Moesta* for intervenor.

KAVANAGH, C. J. Leslie Kroll was injured while operating a forklift truck during the course of his employment with Superior Sliding Door Frame Company. He commenced an action against Hyster Company, the manufacturer of the forklift truck. Louise Kroll, his wife, joined in the action seeking damages for loss of her husband's services, society, advice and affection. Liberty Mutual Insurance Company, the workmen's compensation insurer for Kroll's employer, intervened.

The jury returned a verdict for Leslie Kroll in the amount of $175,000 and for Louise Kroll in the amount of $50,000. The judgment was satisfied.

A post-judgment hearing was held before the circuit court to apportion the costs of Leslie Kroll's recovery between Kroll and the insurer and to determine what amount the insurer was to receive as reimbursement for compensation benefits it had paid and what amount was to be paid to Kroll.

Kroll's attorney did most of the legal work in

the lawsuit. The insurer's attorney did some preparation and was present throughout the trial.

Section 827 of the Workmen's Compensation Act of 1969, MCLA 418.827; MSA 17.237(827), sets forth the procedure to be followed in third-party workmen's compensation actions. Subsections 5 and 6 prescribe how the recovery is to be divided.

"(5) * * * Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

"(6) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. Expenses of recovery shall be apportioned by the court between the parties as their interests appear at the time of the recovery."

The judgment entered by the circuit court directed that $32,337.39 be paid to the insurer to reimburse it for compensation benefits it had paid Kroll, with the proviso that the insurer shall pay Kroll's lawyer one-third of said sum, *i.e.,* $10,779.13, "as the proportionate share of the plaintiff's attorney fees". The judgment provides that the amount received by Kroll as his share of the recovery is "a credit against" future compensation and medical expenses which the insurer is obliged to pay under the Workmen's Compensation Act and that since the insurer "shall hereafter receive the benefit" of the amount paid Kroll, it

shall pay Kroll, monthly, one-third of any compensation or medical or other expenses compensable under the Workmen's Compensation Act which the insurer, but for the third-party recovery, would be obligated to pay until such time as the amount of the credit against future compensation and benefits has been consumed.

The Court of Appeals held that the circuit court erred in failing to award compensation to the attorney for the insurer and remanded this case to the circuit court for a hearing to determine the value of the services rendered by the insurer's attorney. The Court of Appeals did not address the question whether the circuit court properly required the insurer to pay Kroll one-third of any compensation or other benefits the insurer would be obliged to pay but for the third-party recovery and resulting "advance payment".

We affirm the Court of Appeals and additionally conclude that the circuit court erred in requiring the insurer to pay Kroll amounts in respect to attorney fees periodically as the insurer realizes the benefit of the advance payment resulting from the third-party recovery.

In *Banoski v Moto-Crane Service, Inc,* 35 Mich App 487; 192 NW2d 555 (1971), the majority, relying on *Potter v Vetor,* 355 Mich 328; 94 NW2d 832 (1959), held that the insurer had to pay its share of the plaintiff's attorney fees, but also held that the insurer was not entitled to reimbursement of its attorney fees because its attorney did not assist in preparing or trying the case. Justice LEVIN, who was on the panel in *Banoski,* dissented, saying that it was the trial court's responsibility to determine what constitutes a reasonable expenditure for attorney fees and then divide that figure between the attorney for the insurer and

the attorney for the employee. Justice Levin maintained that complete denial of any share to a party's attorney would have only been supported by a showing that that attorney's services were not necessary to the adequate representation of his client.

In the instant case the Court of Appeals panel adopted Justice Levin's reasoning. We also find Justice Levin's reasoning to be persuasive. On remand the circuit court shall determine what constitutes a reasonable expenditure for attorney fees for counsel for Kroll and counsel for the insurer and shall, as the statute provides, "divide" that amount among counsel for Kroll and counsel for the insurer.

Injured workmen who obtain third-party recoveries argue that the employer or his insurance carrier may obtain the benefit of the entire third-party recovery either in the form of reimbursement for benefits paid to the date of recovery or as an "advance payment" on account of any future compensation benefits and contend that the employer/insurer should accordingly pay the expenses of recovery allocable to the "advance payment": In this case the circuit court accepted that argument in part by requiring the insurer to reimburse Kroll periodically, as benefits would have become due but for the advance payment, for one-third of such benefits in respect of "plaintiff's attorney fees".

The statute provides that "[e]xpenses of recovery shall be apportioned by the court between the parties as their interests appear at the time of the recovery". The "expenses of recovery" are "the reasonable expenditures, including attorney fees, incurred in effecting recovery".

The third-party recovery is a benefit to the

employer/insurer and to the injured employee. After deducting the expenses of recovery, the recovery first reimburses the employer/insurer for benefits already paid. The balance is paid to the employee—an immediate benefit to the employee. That balance is also treated as an advance payment by the employer on account of future compensation benefits—a potential benefit to the employer and his insurance carrier. Whether the employer/insurer in fact realizes a benefit depends on whether future compensation benefits are payable; recovery from disability, death, or termination of dependency status may result in termination of the employer/insurer's obligation.

Since the amount paid to the injured employee (and the amount of the advance payment) are reduced by the expenses of recovery, in a sense the employee and the employer/insurer both, at the same time, "pay" the expenses of recovery.

We have considered the decisions of the Court of Appeals and of courts in other jurisdictions construing other statutes and have concluded that the expenses of recovery are to be apportioned, as our statute clearly provides, between the injured employee on the one hand and the employer/insurer on the other "as their interests appear *at the time of the recovery*" (emphasis supplied), *i.e.,* without regard to whether future compensation benefits may or in fact do become payable.

We remand to the circuit court for determination of a reasonable attorney fee and for division of that amount between counsel representing the parties. The provision in the judgment ordering the insurer to pay Kroll periodically amounts in respect of the attorney fee allocable to future compensation benefits is deleted.

The insurer shall pay that portion of the ex-

penses of recovery which bears the same relationship to the total expenses as the amount of the reimbursement for benefits previously paid (before reduction on account of such portion) bears to the amount of the recovery (before reduction on account of such expenses).

Affirmed. No costs as neither party prevailed in full.

LEVIN, J., concurred with KAVANAGH, C. J.

FITZGERALD, LINDEMER, and RYAN, JJ., took no part in the decision of this case.

WILLIAMS, J. *(concurring in part; dissenting in part)*. This case raises three issues. First, where both an employee and a worker's compensation insurer are involved in a successful suit against a third-party defendant, should the attorney for the insurer receive payment from the total recovery for legal services he provided in the preparation or trying of the suit, under MCLA 418.827; MSA 17.237(827)?

Second, in such a third-party action, how are the attorneys' fees to be divided between the attorney for the insurer and the attorney for the employee?

Third, how is the *burden* of the expenses of recovery, including attorneys' fees, to be apportioned between the employee and the insurer?

## I—FACTS

Plaintiff-appellant Leslie Kroll was injured and paralyzed from the waist down on July 23, 1965 while operating a forklift truck during the course of his employment with Superior Sliding Door Frame Company.

In January of 1966, he brought suit against

Hyster Company, the manufacturer of the forklift truck. Louise Kroll, his wife, joined in the suit seeking damages for loss of her husband's services, society, advice and affection.

The workmen's compensation insurer for Kroll's employer, Liberty Mutual Insurance Company, intervened.

After the first trial, Kroll moved for and was granted a new trial. In the second trial, the jury returned a verdict for Leslie Kroll in the amount of $175,000 and for Louise Kroll in the amount of $50,000.

Subsequent to judgment, a hearing was held for the purpose of dividing the judgment pursuant to MCLA 418.827; MSA 17.237(827).

The trial judge ordered $32,337.39 to be paid to the carrier to reimburse it for compensation it had paid to Kroll, but added that the carrier must pay to Kroll's attorney, who did most of the legal work in the lawsuit, 33-1/3% of that sum, *i.e.,* $10,779.13 as attorney fees and $182.16 as the carrier's share of other expenses. The balance of the recovery was to go to Kroll and his attorney. Kroll's portion of the recovery was to serve as a credit against any future compensation that the insurer would be liable to pay. However, the carrier was ordered to pay, in monthly installments, one-third of any future compensation benefits for which it would subsequently have been liable independent of the recovery, to cover its share of the expense of gaining its interest in the recovery.

The insurer appealed to the Court of Appeals, alleging 1) that the statute entitled it to be compensated for attorney fees out of the employee's recovery and 2) that the trial court's method of awarding attorneys' fees was unreasonable.

The Court of Appeals agreed with the insurer on

the first issue and remanded to the trial court for a hearing to determine the value of the services of the insurer's attorney.

The Court of Appeals did not speak to the second issue.

Kroll applied to this Court for leave to appeal, the insurer cross-appealed, and we granted leave on January 3, 1974.

## II—THE RIGHT OF THE INSURER'S ATTORNEY TO BE COMPENSATED FROM THE EMPLOYEE'S RECOVERY

Section 827 of the Worker's Disability Compensation Act of 1969, MCLA 418.827; MSA 17.237(827), establishes the guidelines for dividing the recovery in a third-party workmen's compensation action as follows:

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

"(6) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. Expenses of recovery shall be apportioned by the court between the parties as their interests appear at the time of the recovery."

We think it clear that these provisions allow for

the compensation of the insurer's attorney from the employee's recovery where he has contributed to the preparation and trying of the suit.

Under subsection (6), the expenses of recovery are to be shared by the insurer and the employee, and these expenses include "attorney fees".

It is well settled that the fees of the *employee's* attorney are expenses of recovery which 'must be shared by both the insurer and the employee. *Potter v Vetor,* 355 Mich 328; 94 NW2d 832 (1959); *Horsey v Stone & Webster Engineering Corp,* 162 F Supp 649 (WD Mich, 1958); *Banoski v Moto-Crane, Inc,* 35 Mich App 487; 192 NW2d 555 (1971).

The Court of Appeals in this case has simply concluded, in concurrence with then Judge LEVIN's dissenting opinion in *Banoski, supra,* that where the insurer's attorney has participated in preparing and trying the suit, his or her compensation is also an expense of recovery which must be shared by the insurer and the employee. We agree. As stated in *Banoski's* dissenting opinion:

> "Manifestly, [the insurer] had a substantial interest in the outcome of the action commenced by the [employee] and was entitled to be represented by counsel. It was not obliged to rely on the [employee's] lawyer to represent its interests. From [the insurer's] point of view, the fees paid to its lawyer are an expense of recovery." 35 Mich App 487, 497.

The conclusion that the Legislature intended to include the fees of the *insurer's* attorney as an expense of recovery is buttressed by the fact that subsection (6) directs that the attorney fees be divided between the employee's attorney and the insurer's attorney. *Potter v Vetor, supra,* p 332.

In the instant case, the trial court did not take

into account the value of the services of the insurer's attorney in dividing the recovery. Therefore, the Court of Appeals properly remanded to the trial court for a determination of the value of the services of the insurer's attorney. We affirm the Court of Appeals on this issue.

### III—Method of Division of Attorney Fees

Given that the employee's and the insurer's attorney are entitled to be compensated for services rendered in the preparation and trial of this case, the question becomes how much each attorney is to receive from the employee's recovery.

Under MCLA 418.827; MSA 17.237(827), attorney fees are an expense of recovery. The trial court is charged by subsection (6) of this statute to determine what the "reasonable" expenses of recovery, including attorney fees, are in a third-party action. Thus, the first step in calculating the division of the attorney fees is the determination of the reasonable total fees for all the attorneys concerned.

In making this determination, the trial court shall look to GCR 1963, 928, which establishes reasonable limits of the contingency fees that may be charged in a suit for personal injury or wrongful death and be guided thereby.

The trial court should also review the reasonableness of the fee agreement between the insurer and its attorney. As shown below, the proportion of the total fees which goes to the insurer's attorney will often be affected by this fee agreement.

Second, under subsection (6), if the attorneys have agreed upon the division of the reasonable total fees, the trial court should abide by this agreement.

Third, subsection (6) directs that if there is no such agreement, the attorney fees "shall be divided among the attorneys for the plaintiff as directed by the court".

The court in making the division should consider the value of the services performed by attorneys, the agreement each attorney had with his client, and the necessity of ensuring that attorneys working on a contingent fee basis are compensated sufficiently to ensure that the incentive to take third-party actions on such a fee basis is protected. If the total reasonable attorneys' fees determined by the court are less than the sum of the amounts originally agreed to by the attorneys and their clients, the fees of both attorneys should be appropriately reduced, assuming the insurer's attorney contributed in the preparation and trying of the suit.

Where the employee's attorney and the insurer's attorney have both rendered substantial service in the preparation and trial of the suit, the following sample calculation might be appropriate. The precise method of calculation used here is not intended to be mandatory, but is illustrative of an acceptable apportionment. In other situations, modifications may have to be made to take into account the factors listed above as they appear in a specific case.

*Calculation of Total Unadjusted Attorneys' Fees*

| | | |
|---|---|---|
| Insurer's Attorney's Salary Per Year | $52,000 | |
| Number of Working Days Per Year | 260 | |
| Salary Per Day | $ 200 | |
| ($52,000/260) | | |
| Insurer's Unadjusted Attorney's Fees | | $ 4,000 |
| (Assume 20 days work on suit) | | |
| Employee's Attorney's Unadjusted Fee | | $40,000 |
| (One-third contingency fee for major part of work) | | |
| Total Unadjusted Attorneys' Fee | | $44,000 |

Opinion by Williams, J.

*Calculation of Division of Court-Adjusted Attorneys' Fees*

| | |
|---|---|
| Total Adjusted Attorneys' Fees | $40,000 |
|   (Contingency fee agreement if within | |
|     limits of GCR 1963, 928) | |
| Insurer's Attorney's Percentage of Total | |
|   Unadjusted Fees ($4,000/$44,000) | 9% |
| Employee's Attorney's Percentage of Total | |
|   Unadjusted Fees ($40,000/$44,000) | 91% |
| Insurer's Adjusted Attorney's Fees | $ 3,600 |
|   (9% of $40,000) | |
| Employee's Adjusted Attorney's Fees | $36,400 |
|   (91% of $40,000) | |

In the instant case, there has been no agreement as to how the reasonable attorneys' fees are to be divided. Thus, the trial court on remand must divide the attorneys' fees and should take into account the factors summarized here.

## IV—The Apportionment of the Burden of the Expenses of Recovery

There remains the third issue: how should the *burden* of the expenses of recovery, including attorneys' fees, be apportioned between the employee and the insurer? Subsection (6) directs that the expenses of recovery shall be apportioned between the parties "as their interests appear at the time of the recovery".

"[A]s their interests appear at the time of recovery" reasonably must be construed to mean, as to the insurer's interest, both the reimbursement to which the insurer is entitled for compensation theretofore made to the employee, *and* the ascertainable excused liability for future compensation benefits.

In many cases, including the case before us, where there is total and permanent disability or dismemberment, the incapacity of the employee is deemed to continue for a specific period of time, as

explained below, and the insurer's future liability is apparent at the time of recovery.

It has been argued that the apportionment of expenses in this case must be made with reference only to the amount which the insurer is to be repaid from the recovery for compensation benefits *already paid* or payable to the employee at the time of recovery. But this violates the clear language of the statute.

Under this approach, if an insurer was to receive $5,000 of a $100,000 recovery to cover the cost of worker's compensation benefits already paid to the employee, the insurer's share of the expenses would be 5%. No reference would be made to the insurer's interest in its reduced liability for payment of compensation benefits which would have been required in the future but for the employee's recovery, which under the statute is treated as an advance payment of those benefits. This approach would be grossly unfair and mistaken.

As noted above, in many cases, including the case before us, it is clearly apparent at the time of recovery that the interests of the parties are not represented by the amount of compensation which the insurer has paid to that point, and by the amount which is actually received by the employee at the time of recovery.

Suppose, for example, that at the time of recovery in the third-party action, a negligible amount of worker's compensation payments had been made to the employee, but the worker's compensation proceedings had resolved, as it had in this case, that there was total and permanent disability within the meaning of the Worker's Disability Compensation Act. Under MCLA 418.351; MSA

17.237(351),[1] a finding of total incapacity entitles the employee to a conclusive presumption that the total incapacity and the insurer's liability will continue for a period of 800 weeks. Only after this 800-week period is the question of the continuance of the total disability open once again.

If we were to read subsection (6) to mean that apportionment is to be made without regard to future compensation benefits payable to the employee, the insurer in this example, where little worker's compensation had been paid, would be burdened with a very small proportion of the expenses of recovery because "at the time of the recovery" it would have such an insignificant interest in the recovery.

This result is patently absurd and grossly unfair. At the time of recovery, it clearly appears that the insurer is going to be excused liability for payment of compensation for a period of 800 weeks or until its excused liability is equal to the entire recovery of the employee.[2] This most certainly constitutes a very substantial, in fact potentially total, interest

[1] MCLA 418.351; MSA 17.237(351) states in pertinent part as follows:

"The conclusive presumption of total and permanent disability shall not extend beyond 800 weeks from the date of injury and thereafter the question of permanent and total disability shall be determined in accordance with the fact, as the fact may be at that time."

[2] It is true that the insurer is not certain to be liable for a period of 800 weeks where there is a permanent disability. If the employee dies not immediately following the injury, and the injury was the proximate cause of death, the insurer might be liable for a period of 500 weeks under MCLA 418.375; MSA 17.237(375) and MCLA 418.321; MSA 17.237(321).

However, the statute does not require *certainty* as to the interests of the parties. Such would be impossible to ascertain. Subsection (6) speaks of the interests of the parties as they *appear* at the time of recovery. Since there can be no presumption that the employee will die within the 800-week period, it clearly appears at the time of recovery that the insurance company would be liable for the payment of benefits for the 800-week period.

in the recovery, and yet if the insurer's share of the expenses is based on the small amount of compensation paid, it would not bear a fair part of the expenses of recovery.

Similar situations might arise under MCLA 418.361; MSA 17.237(361) and MCLA 418.321; MSA 17.237(321), where it is provided that conclusive presumptions of continuing disability for varying periods of time are in effect upon a finding of a particular type of injury. For example, where there is the loss of a leg, the disability is deemed to continue for a period of 215 weeks.

Apportionment of expenses on the basis of only what the insurer has actually *paid* at time of recovery is also mistaken in a case such as that before us from a practical, policy standpoint in that it lends to certain other absurd results. If the interest of the insurer, and therefore its share of the expenses, is calculated on the basis of the amount of benefits the insurer had *paid* the employee at the time of recovery, delay becomes the ally of the employee. The longer the period of time which passes before the time of recovery, the more benefits the insurer will have actually paid at the time of recovery, and therefore the greater the share of the expenses it will have to carry. It is very difficult to believe that the Legislature intended to create a situation where an aggrieved party would be rewarded for delaying a suit until long after the cause of the grievance, and for prolonging the course of the litigation.

Moreover, employees in virtually identical situations would have substantially different recoveries because one employee brought his suit in a court where docket congestion was particularly a problem, causing an unintentional delay in the time of recovery which will in turn increase the share of the expenses the insurer will be liable for.

For all these reasons, we reject the method of apportionment of expenses which does not take into account the interest of the insurer at the time of recovery in its reduced liability for future compensation benefits.

For clarity's sake, a sample calculation of a proper apportionment of the burden of expenses follows.

Assume that the employee and the insurer successfully bring a third-party action resulting in a $200,000 recovery. Insurer, at the time of recovery, has paid to the employee $20,000 in benefits, and due to a conclusive presumption of continuing disability, appears at the time of recovery to be ultimately liable for another $20,000.

The expenses of recovery total $50,000.

First, deduct the expenses of recovery from the total recovery.

| | |
|---|---|
| Total Recovery | $200,000 |
| Less Expenses | − 50,000 |
| Balance | $150,000 |

Second, calculate the interest of the parties at the time of recovery, independent of expenses.

*Interest of the insurer:*

| | | |
|---|---|---|
| Reimbursement for benefits paid | | $ 20,000 |
| Excused future payment of benefits | | = 20,000 |
| | = | $ 40,000 |
| Percentage interest at the time of recovery | = | 20% of $200,000 |
| *Interest of the employee:* | = | $160,000 |
| Percentage interest at the time of recovery | = | 80% of $200,000 |

Third, calculate the apportionment of expenses.

*Insurer's share of expenses:*

| | | |
|---|---|---|
| 20% of $50,000 | = | $ 10,000 |
| *Employee's share of expense:* | | |
| 80% of $50,000 | = | $ 40,000 |

Fourth, calculation of the method of payment for insurer.

$$\frac{\textit{Amount of benefits already paid}}{\text{Total liability of insurer}} = \frac{\$\ 20{,}000}{\$\ 40{,}000} = 50\%$$

The insurer may pay 50% of its share of the expenses now, and the other 50% on a weekly basis as it actually receives the benefit of the portion of the employee's recovery which serves to excuse future benefit payments. In our example, the weekly payment would come to 25% (expenses divided by the total recovery) of the benefits which the insurer would have had to pay.

Under this formula, the insurer would pay $5,-000 of the expenses at the time of recovery, and pay the other $5,000 to the employee on a weekly basis to compensate him for carrying at the time of recovery the expenses of a portion of the recovery which ultimately goes to the benefit of the insurer, not the employee.[3]

In sum, the trial court in the instant case was correct in concluding that the interest of the insurer at the time of recovery must include its credit for advance payments as well as the amount of compensation already paid to the employee.

The trial court was incorrect, as was concluded by the Court of Appeals, in its failure to take into account the right of the insurer's attorney for compensation for services provided.

We affirm the Court of Appeals insofar as it remands this matter to the trial court for a hear-

[3] In all probability there would be no actual cash payment to the employee but rather the remaining credit to which the insurer would be entitled against the recovery would be reduced *pro tanto* before the compensation payment was charged. So for the first payment (assumed $100)—

| | |
|---|---|
| Credit remaining | $20,000 |
| Minus share of expenses | 25 |
| | $19,975 |
| Minus compensation | 100 |
| | $19,875  credit remaining. |

ing on the value of the service of the insurer's attorney. Upon this determination, the recovery should be divided in a manner consistent with this opinion.

The Court of Appeals and the trial court are reversed in part and affirmed in part as hereinabove indicated.

No costs, neither party prevailing in full.

COLEMAN, J., concurred with WILLIAMS, J.