FITZGERALD v CHALLENGE-COOK BROTHERS, INC.

1. Workmen's Compensation—Compensation Insurers—Third-
   Party Tortfeasors—Recovery of Damages—Expenses of Re-
   covery—Statutes.

   An employer's workmen's compensation insurer is entitled to
   reimbursement of amounts paid, less a pro rata share of the
   expenses of recovery, where an injured employee, who has been
   paid compensation benefits by the insurer, recovers a judgment
   of damages for his injuries against a third-party tortfeasor;
   where the carrier's liability to the injured employee has been
   totally satisfied at the time of the judgment, a proper measure
   of the carrier's share of the recovery expenses is an amount
   bearing the same proportion to the total expense of recovery as
   the amount of benefits paid to the employee bears to the total
   recovery (MCLA 418.827; MSA 17.237[827]).

2. Workmen's Compensation—Compensation Insurers—Third-
   Party Tortfeasors—Recovery of Damages—Expense of Re-
   covery—Advance Payment Credit.

   A workmen's compensation insurer is not entitled to an "advance
   payment credit" in the calculation of the insurer's pro rata
   share of the costs of recovery of damages by an injured em-
   ployee against a third-party tortfeasor where the insurer's
   liability to the employee has been totally satisfied at the time
   of the recovery.

Appeal from Berrien, William S. White, J. Sub-
mitted October 4, 1977, at Grand Rapids. (Docket
No. 31546.) Decided January 4, 1978.

Complaint by Ray Fitzgerald against Challenge-
Cook Brothers, Inc., for damages for injuries re-
ceived by Fitzgerald during the course of his em-
ployment. Judgment for plaintiff. Michigan Mu-

References for Points in Headnotes
[1, 2] 82 Am Jur 2d, Workmen's Compensation §§ 429, 432.

tual Insurance Company intervened as a party defendant for purposes of sharing in the award of damages. The trial court apportioned the award between plaintiff and Michigan Mutual. Plaintiff appeals, and Michigan Mutual cross-appeals. Affirmed.

*Cholette, Perkins & Buchanan* (by *Sherman H. Cone),* for plaintiff.

*Lilly, Smith & Domeny,* for Michigan Mutual Insurance Company.

Before: M. F. CAVANAGH, P. J., and BRONSON and M. J. KELLY, JJ.

BRONSON, J. This is an appeal from an order apportioning an award by Ray Fitzgerald, the plaintiff, from a third-party tortfeasor between the plaintiff and Michigan Mutual Insurance Company, the plaintiff's employer's workmen's compensation carrier. Both the plaintiff and the insurer appeal as of right.

On May 31, 1972, plaintiff was injured during the course of his employment. He received workmen's compensation benefits for a total of 93 weeks under MCLA 418.361; MSA 17.237(361), totaling $7,842. Plaintiff also received from Michigan Mutual reasonable medical and rehabilitative expenses of $691.95. Michigan Mutual paid plaintiff a total of $8,533.95.

On August 27, 1973, the plaintiff brought a suit against Challenge-Cook Brothers, Inc., the third-party tortfeasor, which resulted in a verdict for the plaintiff in the amount of $57,500, including costs and interest. The expenses of recovery in successfully prosecuting the claim amounted to $21,383.

On November 26, 1976, the trial judge entered the following order, from which plaintiff appeals:

"THIS MATTER HAVING COME ON TO BE HEARD upon the Motion of the Intervener, Michigan Mutual Insurance Company, for an Order pursuant to MCLA 418.827 apportioning the proceeds of recovery from a Judgment obtained in the above-captioned matter, and the Court having determined that Michigan Mutual Insurance Company paid a total of $7,842 in specific loss benefits and $691.95 in medical expenses, and the Court having further determined that the benefit to the Intervener amounted to 14.8% of the total recovery, and the Court having further determined that the total expenses of recovery amounted to $21,383, and the Court being fully advised in the premises,

"IT IS ORDERED that Intervener, MICHIGAN MUTUAL INSURANCE COMPANY, be and the same hereby is charged with 14.8% of the expenses of recovery incurred in effectuating Judgment in this matter which amounts to $3,164.68. IT IS FURTHER ORDERED AND ADJUDGED that of the expenditures of the Intervener, MICHIGAN MUTUAL INSURANCE COMPANY, for Workmen's Compensation Benefits paid to the Plaintiff amounting to $8,533.95, its proportionate share of recovery of $3,164.68 shall be deducted and the balance amounting to $5,369.27 shall be remitted to the Intervener, MICHIGAN MUTUAL INSURANCE COMPANY."

## I.

MCLA 418.827; MSA 17.237(827) provides in pertinent part:

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting

expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the *balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.*

"(6) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. *Expenses of recovery shall be apportioned by the court between the parties as their interests appear at the time of the recovery."* (Emphasis added.)

As stated in *Crawley v Schick,* 48 Mich App 728, 739; 211 NW2d 217 (1973), the reason for apportioning costs is:

" * * * [T]o insure that neither the employee nor the workmen's compensation carrier would reap benefits from the suit against the party causing the compensable injuries without bearing a pro rata share of the expenses generated by the suit."

Under MCLA 418.361; MSA 17.237(361), plaintiff was entitled to 93 weeks of compensation for his injury. This period had expired before judgment for plaintiff was entered. Therefore, it appears that the carrier's liability was completely satisfied as of the date of the judgment. The interest of the carrier at the time of recovery was $8,533.95 total, the amount it had paid to plaintiff.

The carrier's share of expenses in the case at bar was calculated by the trial court as follows:

| $ 57,500.00 | Amount of Judgment |
|---|---|
| 8,533.95 | Benefit to Carrier (specific loss benefits and medical expenses paid) |

$$\frac{8,533.95}{57,500.00} = 14.8417\% = \text{Carrier's Share of Expenses}$$

We hold that expenses were correctly apportioned by the trial judge.

Plaintiff contends that the expenses must be apportioned differently, citing *Schalk v Michigan Sewer Construction Co*, 62 Mich App 658; 233 NW2d 825 (1975), *lv granted*, 398 Mich 810 (1976), and *Crawley v Schick, supra*. In those cases, this Court calculated the carrier's share of expenses by including as a benefit to the carrier an "advance payment credit". *I.e.*, plaintiff would apportion expenses in the case at bar as follows:

|  |  |
|---|---|
| $ 57,500.00 | Amount of Judgment |
| − 8,533.95 | Amount Paid by Carrier |
| − 21,383.00 | Expenses of Recovery |
| $ 27,583.05 | "Advance Payment Credit" |

|  |  |
|---|---|
| $ 27,583.05 |  |
| + 8,533.95 |  |
| $ 36,117.00 | Total Benefit to Carrier |

$$\frac{\$\ 36,117.00}{\$\ 57,500.00} = 62.8\% = \text{Carrier's Share of Expenses}$$

This calculation would be correct under *Crawley* and *Schalk* if the carrier had future liability at the time of the apportionment to which the "advance payment credit" could apply. In the case at bar, however, the carrier's liability for 93 weeks of specific loss benefits had been totally satisfied when the apportionment of expenses was made. In this case, the "advance payment credit" was *not* a benefit to the carrier, because the carrier had no

future liability. *Crawley* and *Schalk* are therefore distinguishable; expenses were correctly apportioned by the trial court.

A recent Michigan Supreme Court case, *Kroll v Hyster Co*, 398 Mich 281; 247 NW2d 561 (1976), discussed but failed to resolve the issue of how expenses of recovery are to be apportioned.[1] The approach taken by Chief Justice KAVANAGH is consistent with the trial court's calculation. Under that approach, the "advance payment credit" is not treated as a benefit to the carrier. To the extent our holding is inconsistent with Justice WILLIAMS' opinion, it is distinguishable for the same reasons as *Crawley* and *Schalk:* here, the carrier has no future liability.

## II.

Plaintiff contends alternatively that expenses should be apportioned by reference to total recovery minus total expenses:

| | |
|---|---|
| $ 57,500.00 | Amount of Judgment |
| −  21,383.00 | Expenses of Recovery |
| $ 36,117.00 | Balance |
| | |
| $   8,533.95 | Amount Paid by Carrier |
| ÷ $ 36,117.00 | |

=    23.63%  =  Carrier's Share of Expenses
There is no authority or logical reason for apportioning expenses by this method and we decline to follow it.

In view of our disposition of this case, we need

---

[1] The Court split 2–2. Justice LEVIN joined Chief Justice KAVANAGH's opinion and Justice COLEMAN joined a separate opinion by Justice WILLIAMS. *See Lone v Esco Elevators, Inc,* 78 Mich App 97; 259 NW2d 869 (1977), following the KAVANAGH-LEVIN opinion.

not discuss appellee's argument that expenses of recovery should be payable by the carrier only as it actually receives a future benefit.

Affirmed. Costs to appellee.