CROW v FORD MOTOR COMPANY

Docket No. 77-2532. Submitted January 5, 1978, at Detroit.—Decided
November 28, 1978. Remanded in lieu of leave to appeal, 406
Mich 912.

Bradley Crow, injured while working for the Ford Motor Com-
pany, filed a third-party action against Ford Motor Company
and Hinterman Ford Company in Wayne Circuit Court. Plain-
tiff prevailed in this action and was awarded a gross recovery of
$727,640.46. Meanwhile, intervenor Reliance Insurance Com-
pany had paid plaintiff $21,689.42 in injury related benefits.
George T. Martin, J., issued an order reimbursing the interven-
ing insurance company. Reliance Insurance Company appeals
and plaintiff cross-appeals from that order. The dispute is
primarily over the proper formula to use in apportioning
litigation expenses between the plaintiff and the intervenor and
whether in determining the apportionment to include a credit
to the insurer for benefits payable to plaintiff in the future.
*Held:*

1. The case of *Schalk v Michigan Sewer Construction Co,* 62
Mich App 658; 233 NW2d 825 (1975), pending in the Supreme
Court, will ultimately control the resolution of this case.

2. The fixed date for determining the interests of the parties,
plaintiff and intervenor, is the date of plaintiff's third-party
recovery.

3. The proper apportionment formula where an insurer has
paid or will pay benefits to an injured employee who has
recovered in a third-party tort action is total recovery less costs
and less reimbursement for past or future compensation as of
the date of the third-party recovery.

4. The trial court erred in ordering immediate payment of
the insurance company's share of expenses to plaintiff; the

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Workmen's Compensation § 71.
Statute of limitations applicable to action, by way of subrogation or
the like, by employer or insurance carrier against third person
for injury to employer. 41 ALR2d 1044.
[2] 82 Am Jur 2d, Workmen's Compensation § 432.

payment should be deducted from the future credit remaining to the insurance carrier.

Remanded for further proceedings.

1. WORKMEN'S COMPENSATION—INSURERS—THIRD-PARTY TORTS—APPORTIONING COSTS—STATUTES.

Apportioning the costs of a third-party tort recovery between a worker's compensation insurer and the injured employee is governed by statute (MCL 418.827; MSA 17.237[827]).

2. WORKMEN'S COMPENSATION—TORTS—THIRD-PARTY ACTION—EMPLOYEE'S INTEREST—INSURER'S INTEREST—APPORTIONMENT.

The proper apportionment formula where an insurer has paid or will pay benefits to an injured employee who has recovered in a third-party tort action is as follows: the total costs of recovery are subtracted from the gross recovery; the amount of reimbursement for benefits paid by the insurer plus the amount of advance credit given to the insurer for benefits payable in the future, as of the date of the tort recovery, is divided by the tort recovery; this expresses the insurer's proportionate share of the costs of the tort recovery and the balance of those costs is applicable to the employee's interest in the tort recovery.

*Conklin, Benham, McLeod, Ducey & Ottaway, P.C.* (by *Martin L. Critchell*), for Reliance Insurance Company.

*Goodman, Eden, Millender & Bedrosian* (by *Richard A. Soble* and *Paul A. Rosen*), for Bradley Crow.

Before: BASHARA, P.J., and J. H. GILLIS and N. J. KAUFMAN, JJ.

BASHARA, P.J. The plaintiff sustained a crushed pelvis and other permanent and serious injuries while working for defendant Ford Motor Company. He filed a third-party action against Ford Motor and Hinterman Ford Company jointly and severally.

Plaintiff prevailed in the third-party action and was awarded a gross recovery of $727,640.46.

Meanwhile, intervenor Reliance Insurance Company had paid plaintiff $21,689.42 in worker's compensation benefits and medical and educational benefits for the injury, which the circuit court found to be permanently and totally disabling.

The trial court issued an order reimbursing the intervening insurance company. Both parties appeal the content of the order. The dispute is primarily over the proper formula to use in apportioning litigation expenses between the plaintiff and the intervenor.

Apportioning the costs of a third-party tort recovery between the worker's compensation insurer and the injured employee is governed by statute. See MCL 418.827; MSA 17.237(827).[1] Judicial construction, however, has left an unsettled foundation upon which to base a determination of the benefits to be included within the "interests" of the insurer as that term is used in the legislation.[2]

Whether to include within that term the credit received by the insurer for benefits payable to the employee in the future is the question presented

_____

[1] MCL 418.827; MSA 17.237(827) states in relevant part:

"(5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

(6) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. Expenses of recovery shall be apportioned by the court between the parties as their interests appear at the time of the recovery."

[2] MCL 418.827(6); MSA 17.237(827)(6).

in this case. That issue was considered by the Supreme Court in *Kroll v Hyster Co,* 398 Mich 281; 247 NW2d 561 (1976).

Since that review did not yield a majority opinion, the Supreme Court has undertaken a reconsideration of the issue in *Schalk v Michigan Sewer & Construction Co,* 62 Mich App 658; 233 NW2d 825 (1975), *lv granted,* 398 Mich 810 (1976). That result will ultimately control the resolution of this case.

The question presented in *Schalk* has apparently puzzled the Supreme Court, in view of the length of time between oral argument and the present. It is still uncertain when a definitive precedent will be formulated. The parties and this panel had hoped to rely on the *Schalk* decision for determination of this case. However, to continue our vigil would only inordinately delay the settlement of the rights of the parties and further clog this Court's already burgeoning docket.

Of the extant opinions considering the question, Justice WILLIAMS' view in *Kroll v Hyster, supra,* appears to implement the statute in accordance with the apparent legislative intent. Recognizing that settling the rights of the insurer should not depend upon the vagaries of prospective, fortuitous occurrences, the Legislature fixed the date of determining the interests of the parties "at the time of the recovery".[3]

In *Kroll,* Justice WILLIAMS, joined by Justice COLEMAN, perceives this legislative policy. He concludes that the advance credit given to the insurer for future worker's compensation benefits should be included in ascertaining the insurer's interests in the tort recovery. The opposing view of Chief Justice KAVANAGH, joined by Justice LEVIN, is that contingent and uncertain prospective events can

---

[3] MCL 418.827(6); MSA 17.237(827)(6).

never be anticipated with total accuracy. We respectfully agree with Justice WILLIAMS' observation that such reasoning "violates the clear language of the statute", *Kroll, supra,* at 297.

Application of the foregoing principles yields the proper apportionment formula. The total costs of recovery are subtracted from the gross recovery. The amount of reimbursement for benefits paid by the insurer plus the amount of advance credit given to the insurer for benefits payable in the future, as of the date of the tort recovery, is divided by the tort recovery. This expresses the insurer's proportionate share of the costs of the tort recovery. The balance of those costs is applicable to the employee's interest in the tort recovery.[4]

Applying Justice WILLIAMS' formula, we also find that the trial court erred in ordering immediate payment of the carrier's share of expenses to the employee. The payment should be deducted from the future credit remaining to the carrier.

---

[4] This formula, applied to a simple example, operates as follows. Assume the following:

| | |
|---|---|
| Total recovery | $1,000.00 |
| Attorney fees | 300.00 |
| Other costs | 100.00 |
| Compensation paid to date | 50.00 |
| Probable future compensation | 150.00 |

(Attorney fees, Other costs = Total costs)

Applying these figures to the formula, we have the following. Total recovery less total costs, $1,000 − $400 = $600 Total compensation, past and future, $50 + $150 = $200 Divide the total compensation by the tort recovery, 200/1000 = 1/5. The carrier, having gotten 1/5 the total recovery, is responsible for 1/5 or 20% of the costs. In this case, 20% of $400 = $80. The carrier is therefore responsible for $80 in costs.

At this point, the employee owes $50 to the carrier to reimburse him for past benefits. However, since the carrier is responsible for $80 in costs, these two figures can be set off, leaving a net sum due to the employee from the carrier of $30. Rather than paying this in cash at the time, it seems more appropriate to merely reduce the advance payment credit.

In our example, the credit is $550 (total recovery less costs, less reimbursement for past compensation). Reducing this figure by $30, leaves a net credit to the carrier of $520.

Finally, we note that another panel of this Court has reached an opposite result, apparently relying on the opinion of Chief Justice KAVANAGH in *Kroll v Hyster, supra,* see *Fitzgerald v Challenge-Cook Brothers, Inc,* 80 Mich App 524; 264 NW2d 348 (1978). We respectfully decline to follow that opinion but observe that the matter will finally be resolved by the eagerly awaited decision in *Schalk v Michigan Sewer & Construction Co, supra.*

Remanded for proceedings consistent with this opinion.