HAKKINEN v NORTHERN ADVERTISING COMPANY

1. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—SUBROGATION.
   The employer of a person receiving workmen's compensation or
   the employer's insurer has a right of subrogation out of any
   settlement made between the employee and a third-party tort-
   feasor, even where the settlement agreement provides that any
   claims of the employer are not included in the settlement
   (MCLA 413.15).

2. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—APPORTION-
   MENT OF COSTS.
   The apportionment of the costs of a suit by a person receiving
   workmen's compensation benefits to recover against a third-
   party tortfeasor for the injuries being compensated is solely
   within the jurisdiction of the court hearing the third-party
   action (MCLA 413.15).

3. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—LOSS OF CON-
   SORTIUM—APPORTIONMENT OF DAMAGES.
   The Bureau of Workmen's Compensation does not have juris-
   diction to set a dollar figure for the loss of consortium re-
   covered by the wife of a person receiving workmen's com-
   pensation in a settlement of the wife and her husband
   with a third-party tortfeasor for the injuries being compen-
   sated where neither the settlement agreement nor the trial
   court set a definite dollar amount for loss of consortium.

4. WORKMEN'S COMPENSATION — THIRD-PARTY ACTION — APPORTION-
   MENT OF EXPENSES.
   An appellate court cannot apportion between the employee and
   his employer, who is recovering workmen's compensation, the
   expenses in a suit to recover against a third-party tort-
   feasor for the injuries being compensated where the appeal

REFERENCE FOR POINTS IN HEADNOTES
[1–4] 58 Am Jur, Workmen's Compensation § 357 *et seq.*

was from the Bureau of Workmen's Compensation and the Court hearing the third-party suit had not yet apportioned the expenses.

Appeal from Workmen's Compensation Appeal Board. Submitted Division 2 February 1, 1972, at Grand Rapids. (Docket No. 10758.) Decided February 23, 1972.

Waino Hakkinen presented his claim for workmen's compensation against Northern Advertising Company and its insurer, Employers Mutual Liability Insurance Company. Benefits granted. Plaintiff settled an action against a third party for negligence for causing the compensated injury, and Employers Mutual stopped further payments to plaintiff. Plaintiff presented his claim to the Workmen's Compensation Bureau. Employers Mutual credited with the amount of net recovery in plaintiff's third-party action. Plaintiff appeals. Remanded for further proceedings with instructions.

*Cloon & Cloon* (*Humphrey & Weis*, of counsel), for plaintiff.

*Strom, Hoehn & Butch,* for defendants.

Before: FITZGERALD, P. J., and R. B. BURNS and HOLBROOK, JJ.

R. B. BURNS, J. Plaintiff appeals an order of the Workmen's Compensation Appeal Board.

Plaintiff was a signboard painter employed by defendant Northern Advertising Company. While installing an angle iron to a sign, standing on a ladder twelve feet above the ground, he came into contact with a live electric wire owned by Lake Superior

District Power Company and fell to the street sustaining injuries.

Employers Mutual Insurance Company, the workmen's compensation insurer for Northern Advertising Company, paid plaintiff benefits, his hospitalization costs and his medical costs.

Plaintiff and his wife instituted suit against Lake Superior District Power Company in circuit court for damages caused by the accident. Employers Mutual Liability Insurance Company intervened in the cause. The cause was settled by plaintiff and his wife with Lake Superior District Power Company for $32,000, and a release agreement was executed. At a subsequent date Northern Advertising Company dismissed its cause of action against Lake Superior District Power Company.

Employees Mutual Liability Insurance Company stopped all payments to plaintiff. At that time plaintiff had received $4,608 in compensation benefits and medical benefits of $3,070.

Plaintiff filed a petition for a hearing with the Bureau of Workmen's Compensation. It was stipulated between the parties before the referee that expenses of the third party litigation in circuit court were attorney fees of $10,666.66 and costs of $440.64. The referee found that of the $32,000, $11,107.30 constituted costs and attorney fees which left the plaintiff with a net recovery of $20,892.70. He allowed Employers Mutual Liability Insurance Company credit of $20,892.70 for all compensation and medical payments made by them and for future liability. The Workmen's Compensation Appeal Board affirmed the holding.

On appeal, plaintiff contends basically that he is entitled to the entire proceeds of the third-party action, and continuing compensation.

MCLA 413.15; MSA 17.189, the effective statute at the time of the action, read:

"Where the injury for which compensation is payable under this act was caused under circumstances creating a legal liability in some person other than a natural person in the same employ or the employer to pay damages in respect thereof, the acceptance of compensation benefits or the taking of proceedings to enforce compensation payments shall not act as an election of remedies, but such injured employee or his dependents or their personal representative may also proceed to enforce the liability of such third party for damages in accordance with the provisions of this section. If the injured employee or his dependents or personal representative does not commence such action within 1 year after the occurrence of the personal injury, then the employer or its compensation insurance carrier may, within the period of time for the commencement of actions prescribed by statute, enforce the liability of such other person in the name of that person. Not less than 30 days before the commencement of suit by any party under this section, such party shall notify, by registered mail at their last known address, the workmen's compensation commission, the injured employee, or in the event of his death, his known dependents, or personal representative or his known next of kin, his employer and the workmen's compensation insurance carrier. Any party in interest shall have a right to join in said suit.

"Prior to the entry of judgment, either the employer or his insurance carrier or the employee or his personal representative may settle their claims as their interest shall appear and may execute releases therefor.

"Such settlement and release by the employee shall not be a bar to action by the employer or its compensation insurance carrier to proceed against said third party for any interest or claim it might have.

"In the event the injured employee or his dependents or personal representative shall settle their

claim for injury or death, or commence proceeding thereon against the third party before the payment of workmen's compensation, such recovery or commencement of proceedings shall not act as an election of remedies and any moneys so recovered shall be applied as herein provided.

"In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or its workmen's compensation insurance carrier for any amounts paid or payable under the workmen's compensation act to date of recovery, and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payment of compensation benefits.

"Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting such recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as directed by the court. The expenses of recovery above mentioned shall be apportioned by the court between the parties as their interests appear at the time of said recovery."

In *Gamble v American Asbestos Products Co,* 381 Mich 105 (1968), and *Transamerican Freight Lines, Inc v Quimby,* 381 Mich 149 (1968), the Supreme Court held that this section of the act gave the employer, or its insurer, a right of subrogation out of any settlement made between the employee and the third-party tortfeasor, even where the settlement agreement provided that any claims of the employer were not included in the settlement.

Employers Mutual Liability Company is entitled to subrogation of the money it has paid the plaintiff.

*Potter* v *Vetor*, 355 Mich 328 (1959); *Horsey* v *Stone & Webster Engineering Corp*, 162 F Supp 649 (WD Mich, 1958); and *Mead* v *Peterson-King Co*, 24 Mich App 530 (1970), held that the employer's or his insurer's right of subrogation was subject to its proportionate share of the expenses of recovery in the third-party action.

*Horsey* v *Stone & Webster Engineering Corp, supra,* set forth the formula that should be used to determine the proportionate share and this formula was approved in *Mead* v *Peterson-King Co, supra.* The workmen's compensation hearing referee did not use the correct formula, but forced the plaintiff to bear the entire expense of the third-party litigation. Moreover, as pointed out in *Modeen* v *Consumers Power Co*, 384 Mich 354 (1971), and *Mead* v *Peterson-King Co, supra,* neither the hearing referee nor the Workmen's Compensation Appeal Board had jurisdiction to apportion such expenses. The act specifically provides that such expenses be apportioned *by the court.* The court referred to in the statute is the court which had jurisdiction over the third-party action.

Plaintiff also complains that funds from his wife's settlement (loss of consortium and nursing care) were applied as a credit for advance workmen's compensation benefits. The settlement agreement (paragraph c) asserts damages "for loss of consortium by Sylvia Hakkinen, in an indefinite amount" and does not mention nursing care.

Plaintiff failed to set a dollar figure for such damages in the settlement agreement and failed to have the trial court in the third-party action apportion such damages. The Bureau of Workmen's Com-

pensation does not have the jurisdiction to determine such issues.

Since the Bureau of Workmen's Compensation does not have the jurisdiction to determine the division and apportionment of expenses, this Court cannot apportion the expenses in this appeal. *Mead v Peterson-King Co, supra.*

The problem presented in this case is a recurring one in the courts and would merit definitive legislative action.

The case is remanded to the Bureau of Workmen's Compensation for action in accordance with this opinion, after final determination of the third-party action now pending in the circuit court.

All concurred.