HAKKINEN v LAKE SUPERIOR DISTRICT POWER COMPANY

OPINION OF THE COURT

1. WORKMEN'S COMPENSATION—THIRD-PARTY ACTION—SETTLEMENT—APPORTIONMENT OF EXPENSES—CREDITS.

Credit to which a workmen's compensation insurer is entitled for benefits paid to an injured employee, in a settlement of the employee's claim against a third-party tortfeasor, is for the Bureau of Workmen's Compensation to determine, and a trial court which apportioned the expenses of litigation between the employee and the insurer committed error when it also fixed the credit for benefits paid.

DISSENT BY J. H. GILLIS, J.

2. WORKMEN'S COMPENSATION—COMPROMISE AND SETTLEMENT—THIRD-PARTY TORTFEASOR—DAMAGES—STATUTES.

*An injured employee has the right to settle his claim against a third-party tortfeasor for damages independent of workmen's compensation and the Workmen's Compensation Act does not prohibit such a settlement; the statute preserves the employee's common-law rights aside from his rights under the Workmen's Compensation Act, and where a compensation insurance carrier was a protected intervening plaintiff and knew of the settlement but failed to exercise any rights respecting it, such a good-faith settlement should be upheld (MCLA 413.15).*

Appeal from Gogebic, Donald L. Munro, J. Sub-

REFERENCES FOR POINTS IN HEADNOTES

[1] 58 Am Jur, Workmen's Compensation §§ 63, 358 *et seq.*
Right as between employer primarily responsible under workmen's compensation act and employer secondarily liable under that act (or their insurers) where injury was due to latter's negligence. 117 ALR 571.
[1, 2] 58 Am Jur, Workmen's Compensation §§ 60, 66.
Workmen's Compensation: rights and remedies where employee was injured by a third person's negligence. 106 ALR 1040.

mitted Division 3 May 10, 1974, at Marquette. (Docket Nos. 18261, 18262.) Decided July 24, 1974. Leave to appeal denied, 393 Mich —.

Complaint by Waino Hakkinen against Lake Superior District Power Company, Roy Hopkins, David Bulinski, and Harry Collis for negligence resulting in personal injuries when he came in contact with an electric wire while at work. Employers Mutual Liability Insurance Company of Wisconsin, the workmen's compensation insurer of Northern Advertising Company, plaintiff's employer, intervened as a plaintiff. Claim against the defendants settled, and the court made an order apportioning the costs of recovery and the amount of settlement between the plaintiff and the insurance carrier. The insurance carrier appeals. Affirmed as to apportionment of expenses of litigation. Reversed as to amount of credit to the workmen's compensation insurer.

*William G. Cloon,* for Waino Hakkinen and Sylvia A. Hakkinen.

*Humphrey & Weis,* for Lake Superior District Power Company.

*Strom, Hoehn, Butch, Quinn & Rosemurgy,* for Northern Advertising Company and Employers Mutual Liability Insurance Company.

Before: ALLEN, P. J., and J. H. GILLIS and QUINN, JJ.

QUINN, J. The basic facts involved in this litigation are found in *Hakkinen v Northern Advertising Co,* 38 Mich App 506; 196 NW2d 863 (1972). The concluding paragraph of that opinion reads:

"The case is remanded to the Bureau of Workmen's

Compensation for action in accordance with this opinion, after final determination of the third-party action now pending in circuit court."

In context with the full opinion in *Hakkinen, supra,* this language required two things to be done:

1. Apportionment by the trial court of the expenses in the litigation which resulted in the settlement of Hakkinen's claim against the third-party tortfeasor between Hakkinen and Employers Mutual Liability Insurance Company.

2. After this determination, the Bureau of Workmen's Compensation was required to credit Employers Mutual's liability for workmen's compensation benefits with a corrected amount which reflected the apportionment of those expenses.

The present appeal is before us because the trial court did more than it was required to do under *Hakkinen, supra.* In addition to apportioning $2,665.06 of the expenses to Employers Mutual, the trial court fixed the amount of credit to which Employers Mutual was entitled against workmen's compensation benefits paid and to be paid to Hakkinen. This was error. The credit to which Employers Mutual was entitled was for the Bureau of Workmen's Compensation to determine.

The trial court is reversed except as to its determination that Employers Mutual's share of expenses in the third-party litigation was $2,665.06. That determination is affirmed and the cause is remanded to the Workmen's Compensation Bureau for correction of the credit heretofore allowed Employers Mutual on its liability for payment of workmen's compensation benefits to Hakkinen. No costs are allowed.

ALLEN, P. J., concurred.

J. H. Gillis, J. *(dissenting).* I would affirm the trial court's judgment for plaintiffs (not its alternative findings). After exploring numerous cases, many substantively aligned with the majority, I nevertheless conclude that the trial judge's application of equitable principles to bar reimbursement in this case was appropriate and proper. Further, *Hix v Besser Co,* 386 Mich 499; 194 NW2d 333 (1972), decided just after *Hakkinen #1,*[1] which applied the waiver doctrine to this area, modified preexisting law. Application of "res judicata" or its offshoots is improper in this context, especially absent a final judgment.

The issue was well framed by the trial judge: May an employee and his spouse settle their claims against a third-party tortfeasor for damages independent of workmen's compensation or do *subsequently* interpreted provisions of MCLA 413.15; MSA 17.189[2] prohibit that settlement? The issue is further, and to my mind, conclusively modified because the insurance carrier, a protected intervening plaintiff, knew of that settlement but failed to exercise any rights respecting it despite its intervening status. I believe the employee has the right to settle for his independent damages. The statute does not prohibit that result. I agree with the trial judge; both *Transamerican Freight Lines v Quimby,* 381 Mich 149; 160 NW2d 865 (1968), and *Gamble v American Asbestos Products Co,* 381 Mich 105; 159 NW2d 839 (1968), are distinguishable because of the employer's intervenor status. Settlement between the injured employee and third-party tortfeasor was effected on December 29, 1967. The insurance carrier first filed objections and requested apportionment in 1972, after

---

[1] *Hakkinen v Northern Advertising Co,* 38 Mich App 506; 196 NW2d 863 (1972).

[2] Now MCLA 418.827; MSA 17.237(827).

*Hakkinen #1* was decided, despite the right granted the insurer to appeal the dismissal of the employee's action by the order of intervention. In fact, after the settlement the insurer filed its own complaint against the third-party tortfeasor!

MCLA 413.15; MSA 17.189, inartfully attempts to achieve several goals: to preclude the employee from double recovery, to prevent ouster of the insurer's right to recover, but to preserve nonetheless the employee's common-law rights aside from his rights under the Workmen's Compensation Act. The prior statute required an election of remedies but was amended to protect common-law rights and avoid that effect. Legislative redefinition is indicated when the assertedly "remedial" legislation casts the employee as a collection agent for the insurer. But if that is the Legislature's intent, the unwitting employee at least deserves to be apprised of the fact! To cast him in that role some four years after good-faith settlement of his claim violates fundamental principles of our jurisprudence. To this injustice, laches and constructive fraud should apply. I dissent from my Brothers' treatment of this case.