MANNINEN v WARNER & SWASEY COMPANY

1. WORKMEN'S COMPENSATION—INSURANCE CARRIERS—TORTS—
    WAIVER OF RIGHTS—REIMBURSEMENT—COSTS OF RECOVERY—
    PROPORTIONATE EXPENSES.

   An injured party entitled to collect workmen's compensation is
   permitted to sue a third-party tortfeasor without waiving any
   rights he may have to collect compensation from an insurance
   carrier for his employer, but from any recovery resulting from
   the suit he must reimburse the carrier, after deducting his
   proportionate expenses of recovery, for money it paid and will
   have to pay to him as workmen's compensation; the costs of
   recovery must be shared proportionately by the injured party
   and the insurance carrier (MCLA 418.827[5], [6]; MSA
   17.237[827] [5], [6]).

2. WORKMEN'S COMPENSATION—TORTS—THIRD-PARTY TORTFEASORS—
    DAMAGES—ALLOCATION OF AWARD.

   A trial court, in determining the allocation of an award of
   damages made to an employee injured in the course of his
   employment who, with his wife as co-plaintiff, successfully sues
   a third-party tortfeasor for his injury, should first determine
   what portion of the award represents the interest of the wife
   and deduct that amount, then deduct the reasonable costs of
   recovery, then any benefits paid by the employer's workmen's
   compensation carrier; the balance, if any, should be paid to the
   plaintiff worker.

Appeal from Houghton, Stephen D. Condon, J.
Submitted October 4, 1977, at Marquette. (Docket
No. 77-818.) Decided December 6, 1977.

Complaint by Earl Manninen and June Manni-
nen against the Warner & Swasey Company, Bark
River Culvert Company, and Employers Mutual
Insurance Company of Wausau for damages for

REFERENCES FOR POINTS IN HEADNOTES
[1, 2] 81 Am Jur 2d, Workmen's Compensation § 65 *et seq.*

injuries received by Earl Manninen resulting from negligent design of a vehicle he was riding while in the course of his employment and for failure to make proper inspection of the vehicle. A settlement was reached with defendant Warner & Swasey, and the circuit court entered an order apportioning the proceeds. Plaintiffs appeal, and defendant Employers Mutual cross-appeals. Reversed and remanded.

*Wisti & Jaaskelainen* (by *Michael E. Makinen*), for plaintiffs.

*Weis, Cossi & Slade,* for defendant Employers Mutual Insurance Company of Wausau.

Before: QUINN, P. J., and BASHARA and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Plaintiffs appeal from a final order of the Houghton County Circuit Court which affirmed an order granting reallocation of a $25,000 consent judgment. Defendant Employers Mutual also appeals alleging error in the court's reallocation.

Plaintiff, Earl Manninen, was injured while in the course of his employment. He commenced collecting workmen's compensation benefits for total and permanent disability. The lawsuit alleged injuries from the negligent design by defendant, Warner & Swasey Company, of a vehicle in which defendant was riding. Plaintiff also complained that defendants, Bark River Culvert Company and Employers Mutual Insurance Company, failed to make a proper inspection of the vehicle.

Plaintiffs subsequently settled with defendant Warner & Swasey Company, for the sum of $25,-000. Initially, the court ordered that $12,500 be

paid to each plaintiff, with plaintiff Earl Manni-
men to reimburse defendant Employer's Mutual
for workmen's compensation benefits from his
share of the judgment only. After Employers Mu-
tual filed objections, the court reallocated the
amount of the judgment ordering 1/3 to be paid to
plaintiff's attorneys, 1/2 of the balance to Employ-
ers Mutual as reimbursement for workmen's com-
pensation payments, and the balance to plaintiffs.
The court reaffirmed its order on a subsequent
motion for rehearing.

The sole issue is whether the trial court cor-
rectly apportioned the proceeds of the consent
judgment under the statute providing for reim-
bursement to a workmen's compensation carrier.
MCLA 418.827; MSA 17.237(827) is the appropriate
statute. Its pertinent language is as follows:

"(5) In an action to enforce the liability of a third
party, the plaintiff may recover any amount which the
employee or his dependents or personal representative
would be entitled to recover in an action in tort. Any
recovery against the third party for damages resulting
from personal injuries or death only, after deducting
expenses of recovery, shall first reimburse the employer
or carrier for any amounts paid or payable under this
act to date of recovery and the balance shall forthwith
be paid to the employee or his dependents or personal
representative and shall be treated as an advance pay-
ment by the employer on account of any future pay-
ments of compensation benefits.

"(6) Expenses of recovery shall be the reasonable
expenditures, including attorney fees, incurred in effect-
ing recovery. Attorney fees, unless otherwise agreed
upon, shall be divided among the attorneys for the
plaintiff as directed by the court. Expenses of recovery
shall be apportioned by the court between the parties
as their interests appear at the time of the recovery."

We believe that the correct application of the

statute was set forth in *Schalk v Michigan Sewer Construction Co,* 62 Mich App 658; 233 NW2d 825 (1975), *lv granted,* 398 Mich 810 (1976).

In reference to the statute, the Court said at 660–661:

"Under MCLA 418.827; MSA 17.237(827), an injured party is permitted to sue a third-party tortfeasor without that injured party waiving any right to collect from the insurance carrier. MCLA 418.827(1); MSA 17.237(827)(1). If such a suit results in recovery for the injured party, that party must reimburse the insurance carrier for money it paid and will have to pay to him as compensation. MCLA 418.827(5); MSA 17.237(827)(5). The 'expenses of recovery' may, however, be first deducted from any recovery gained from the third-party tortfeasor. MCLA 418.827(5); MSA 17.237(827)(5). It has been determined that the costs of recovery must be shared proportionately by the injured party and the insurance carrier. MCLA 418.827(6); MSA 17.237(827)(6)."

It is unnecessary to further reiterate the case law and reasoning cited in *Schalk.* However, we note that *Schalk* was silent as to the method of determining a plaintiff spouse's share in either the recovery or expenses of recovery. Accordingly, the trial court should first have determined what portion of the total settlement, including a pro rata share of the costs of recovery, represented the interest of plaintiff, June Manninen, and deducted that amount. The court should then determine the reasonable costs of recovery including the attorney's fees expended by defendant, Employers Mutual, to the extent its attorney contributed to obtaining the recovery, as well as the expenses incurred by plaintiffs in reaching the settlement, and deducted that amount. The court should then deduct the benefits paid by defendant, Employers

Mutual, or an amount which may be agreed upon by the parties. The balance, if any, should be paid to plaintiff Earl Manninen.

Reversed and remanded for proceedings consistent with this opinion.