TREADEAU v WAUSAU AREA CONTRACTORS, INC

Docket Nos. 50045, 56026. Submitted October 5, 1981, at Marquette.—
Decided January 5, 1982. Leave to appeal applied for.

Donald J. Treadeau sustained injuries in the course of his em-
ployment and was paid workers' compensation benefits by the
Great American Insurance Companies, his employer's workers'
compensation insurance carrier. Subsequently, he and his wife,
Rose Treadeau, brought an action against Wausau Area Con-
tractors, Inc., Thorp Sales Corporation, Dolly Madison Indus-
tries, Inc., and Bob Laszewski, as third-party tortfeasors, for
damages arising out of the injuries. Great American intervened
as plaintiff pursuant to the provision of the Worker's Disability
Compensation Act allowing it to do so. During trial, the Tread-
eaus and the defendants entered into a settlement agreement.
Great American moved for allocation of the settlement pro-
ceeds. Following a hearing, the trial court determined that
Great American was entitled to seek reimbursement of the
compensation benefits paid from the settlement proceeds,
granted Great American's motion for allocation, but held the
determination of apportionment in abeyance pending appeal of
its order. The Treadeaus appealed, but the claim was denied by
the Court of Appeals because the order of the trial court was
not a final order. Thereafter, Great American again moved for
allocation of the settlement proceeds, which motion was
granted and the proceeds were apportioned, Houghton Circuit
Court, Stephen D. Condon, J. The Treadeaus and Great Ameri-
can appealed and the appeals were consolidated. *Held:*

1. Great American is entitled to seek reimbursement for
benefits paid out of the settlement proceeds.

2. Great American may enforce its claim against Donald

REFERENCES FOR POINTS IN HEADNOTES

[1-3, 5] 82 Am Jur 2d, Workmen's Compensation §§ 429, 432.

[2] 81 Am Jur 2d, Workmen's Compensation § 61.

Wife's right of action for loss of consortium. 36 ALR3d 900.

[3, 5] 82 Am Jur 2d, Workmen's Compensation §§ 437, 439.

[4] 15A Am Jur 2d, Compromise and Settlement § 48.

29 Am Jur 2d, Evidence §§ 629-632.

Admissibility of admissions made in connection with offers or
discussions of compromise. 15 ALR3d 13.

Treadeau's portion of the settlement proceeds but not against the proceeds paid to Rose Treadeau for loss of consortium.

3. The trial court properly apportioned the settlement proceeds.

4. Great American did not waive its right to reimbursement.

5. The trial court erred in admitting evidence of the settlement negotiations. However, the error was harmless, no prejudice having been shown.

6. The section of the Worker's Disability Compensation Act providing for reimbursement of insurance carriers does not violate due process or equal protection rights of workers.

Affirmed.

1. WORKERS' COMPENSATION — INSURANCE CARRIERS — REIMBURSEMENT OF BENEFITS — THIRD-PARTY TORTFEASORS.

A workers' compensation insurance carrier which pays benefits to an injured worker is entitled to reimbursement for the payments from a recovery by the worker against a third-party tortfeasor including amounts recovered for economic loss as well as pain and suffering (MCL 418.827; MSA 17.237[827]).

2. WORKERS' COMPENSATION — INSURANCE CARRIERS — REIMBURSEMENT OF BENEFITS — THIRD-PARTY TORTFEASORS — LOSS OF CONSORTIUM.

A workers' compensation insurance carrier in Michigan may not be reimbursed for payment of benefits to an injured worker or to a credit against the payment of future benefits from any portion of a recovery from a third-party tortfeasor attributable to the worker's wife for loss of consortium, and where a carrier seeks an allocation of such a recovery the apportionment of the proceeds is to be determined by the trial court.

3. WORKERS' COMPENSATION — INSURANCE CARRIERS — REIMBURSEMENT OF BENEFITS.

A workers' compensation insurance carrier which has paid benefits to an injured worker may seek reimbursement for the payments following a recovery by the worker from a third-party tortfeasor either by bringing an action against the third party or by demanding reimbursement from the worker.

4. EVIDENCE — COMPROMISE AND SETTLEMENT — APPEAL.

Evidence of conversations, discussions, or conduct concerning an offer of compromise or settlement or acceptance of a settlement is not admissible to prove liability for or invalidity of a claim or its amount; however, where admission of such evidence does not result in prejudice to a party reversal is not required (GCR 1963, 529.1, MRE 408).

5. WORKERS' COMPENSATION — INSURANCE CARRIERS — REIMBURSE-
   MENT OF BENEFITS — DUE PROCESS — EQUAL PROTECTION.

   The section of the Worker's Disability Compensation Act which
   provides for reimbursement of employers or their insurance
   carriers for benefits paid to an injured worker from a recovery
   by the worker against a third-party tortfeasor does not consti-
   tute an arbitrary choice between the carrier and the worker
   and does not violate the due process or equal protection rights
   of the worker (US Const, Am XIV, Const 1963, art 1, §§ 2, 17,
   MCL 418.827; MSA 17.237[827]).

*Wisti & Jaaskelainen* (by *Michael E. Makinen),*
for Donald J. Treadeau and Rose Treadeau.

*Corcoran & Ingleson, P.C.* (by *Guy W. Lewinski),*
for Great American Insurance Companies.

Before: N. J. KAUFMAN, P.J., and J. H. GILLIS
and CYNAR, JJ.

CYNAR, J. Plaintiffs appeal the trial court's
grant of intervening plaintiff's motion for alloca-
tion of proceeds from a settlement effected be-
tween plaintiffs and defendants and the trial
court's apportionment of the proceeds between the
plaintiffs and the intervening plaintiff. Intervening
plaintiff appeals the same order. Both appeal as of
right, and the cases have been consolidated on
appeal. We affirm.

Donald J. Treadeau was injured in the course of
his employment, and Great American Insurance
Companies, the workers' compensation insurance
carrier, paid $17,439.50 for weekly compensation
benefits and medical expenses.

Plaintiff Donald J. Treadeau filed a third-party
tort action against the defendants for injuries
received in the course of his employment, and his
wife, plaintiff Rose Treadeau, filed a cause of ac-
tion for loss of consortium. After the lawsuit was
instituted, Great American intervened in the

cause of action pursuant to the workers' compensation statute, MCL 418.827; MSA 17.237(827), and was a silent party plaintiff represented by counsel.

Donald and Rose Treadeau are hereinafter referred to as plaintiffs and Great American Insurance Companies is hereinafter referred to as intervening plaintiff.

Trial of this case commenced on October 29, 1979. There is an indication that counsel for plaintiffs and counsel for defendants reached a tentative agreement to settle the rights of all parties for the sum of $25,000; however, the plaintiffs and intervening plaintiff were unable to arrive at settlement conditions agreeable to both.

On the third day of trial, the plaintiffs entered into a settlement agreement with all defendants settling this matter for the amount of $18,000. As part of the settlement, which was placed on the record, the trial court advised intervening plaintiff that it had until November 2, 1979, to advise the court whether it was going to proceed as the active plaintiff for the remainder of the trial. The other alternative given to the intervening plaintiff was not to proceed to trial and to seek reimbursement out of the $18,000 settlement and thereafter the case would be dismissed as to all defendants.

Intervening plaintiff made the decision to seek reimbursement of its workers' compensation lien from the $18,000 settlement between plaintiffs and defendants.

On or about November 3, 1979, intervening plaintiff filed a motion to allocate settlement proceeds, which motion was heard on February 1, 1980. On Febrary 11, 1980, the trial judge entered an order providing that the intervening plaintiff was entitled to seek reimbursement from the proceeds of settlement between the plaintiffs and

defendants for compensation benefits paid to plaintiff Donald J. Treadeau. Further, the order provided that intervening plaintiff's motion for allocation of its share of the proceeds of settlement was granted and that same shall be determined in accordance with *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979), however, with said determination being held in abeyance pending appellate disposition of that order.

It also should be noted that at the oral argument on the motion for allocation counsel for intervening plaintiff strongly objected to the offer of testimony by Mr. Charles R. Goodman, the trial attorney for the plaintiffs, concerning settlement negotiations between the respective parties and their counsel.

Thereafter, counsel for plaintiffs filed a claim of appeal dated February 25, 1980, from the trial court order regarding the motion for allocation entered on February 11, 1980. The claim of appeal was denied because the order was determined not to be a final order of the trial court.

On or about July 3, 1980, counsel for the intervening plaintiff filed a motion for allocation of settlement proceeds under *Franges.* The motion was argued on November 7, 1980. At this hearing, the trial court indicated that the matter should be renoticed for hearing and that the respective parties should present testimony in support of their positions and file whatever other pleadings they deem necessary in assistance to the court.

Thereafter, the motion for allocation of settlement proceeds was reheard by the court on December 19, 1980. At that time, the plaintiffs presented no additional testimony in support of their position. After hearing the arguments of respective counsel, the court, on January 19, 1981, entered

its order apportioning the settlement proceeds according to the formula of distribution pursuant to *Manninen v Warner & Swasey Co,* 80 Mich App 253; 263 NW2d 341 (1977). Thus, the order of apportionment was entered finding a balance payable to Rose Treadeau in the amount of $3,828.97 (after subtraction of the cost of disbursement and a one-third attorney fee) and a balance payable to Great American Insurance Companies of $5,743.29.

Intervening plaintiff is entitled to seek reimbursement out of the settlement between plaintiff Donald Treadeau and defendants under applicable Michigan case law construing the provisions of MCL 418.827; MSA 17.237(827). Intervening plaintiff may enforce its claim to recover workers' compensation benefits paid to the injured employee, although monies paid to plaintiff wife for loss of consortium are exempt.

In *Franges,* the Supreme Court adopted the *pari passu* approach whereby the employer or insurer under workers' compensation pay their share of the recovery costs as they receive the benefit of the plaintiff's recovery from a third-party tortfeasor. In *Franges,* the Court set forth the procedure to be followed in Michigan suits against third-party tortfeasors under § 827 of the Worker's Disability Compensation Act of 1969, MCL 418.827; MSA 17.237(827) (hereinafter § 827).

Plaintiffs contend that because the intervening plaintiff did not attempt to settle its interest with defendants, such action amounted to lack of good faith and should deprive intervening plaintiff of its right to reimbursement under § 827. According to *Arnett v General Motors Corp,* 22 Mich App 658, 663; 177 NW2d 704 (1970), the party paying the benefit is entitled to reimbursement from any

recovery against the third party. See also *Gamble v American Asbestos Products Co,* 381 Mich 105; 159 NW2d 839 (1968), and *Transamerican Freight Lines, Inc v Quimby,* 381 Mich 149; 160 NW2d 865 (1968). The intervening plaintiff has the right to reimbursement from third-party tortfeasors for plaintiff's economic loss as well as for plaintiff Donald Treadeau's pain and suffering. *Pelkey v Elsea Realty & Investment Co,* 394 Mich 485; 232 NW2d 154 (1975).

The plaintiffs argue, assuming intervening plaintiff may assert an interest in plaintiff Donald J. Treadeau's settlement, such interest is limited to a setoff for future compensation benefits. We do not agree. The intervening plaintiff, as the workers' compensation carrier, is entitled to reimbursement for benefits paid and to a credit against future payments. Under *Franges, supra,* 619-622, the formula for apportionment of the third-party recovery allows the insurer to be reimbursed for both compensation previously paid and to a future credit computed from the dollar amount actually received by the employee.

Both parties maintain that the court erred in apportioning the plaintiffs' shares of the settlement. The plaintiffs argue that the court improperly reduced plaintiff Rose Treadeau's share of the settlement from 45 percent to 40 percent. The intervening plaintiff argues that the trial court abused its discretion in finding that the plaintiff wife was entitled to 40 percent of the settlement and failed to apply the *Franges* formula.

In Michigan, an insurance carrier may not reach any portion of a wife's recovery for loss of consortium. *Lone v Esco Elevators, Inc,* 78 Mich App 97, 107-108; 259 NW2d 869 (1977).

The trial court relied on *Manninen, supra,* 256, which holds:

"It is unnecessary to further reiterate the case law and reasoning cited in [*Schalk v Michigan Sewer Construction Co,* 62 Mich App 658; 233 NW2d 825 (1975)]. However, we note that *Schalk* was silent as to the method of determining a plaintiff spouse's share in either the recovery or expenses of recovery. Accordingly, the trial court should first have determined what portion of the total settlement, including a pro rata share of the costs of recovery, represented the interest of plaintiff, June Manninen, and deducted that amount. The court should then determine the reasonable costs of recovery including the attorney's fees expended by defendant, Employers Mutual, to the extent its attorney contributed to obtaining the recovery, as well as the expenses incurred by plaintiffs in reaching the settlement, and deducted that amount."

Intervening plaintiff cites footnote 7 from *Lone, supra,* 108:

"There is a danger that attorneys or sympathetic juries will allocate a disproportionate amount of recoveries to the spouse's loss of consortium damages. Trial courts and the Workmen's Compensation Bureau should be alert to this possibility and take appropriate actions to prevent it."

It appears that the trial court recognized the problem in the case before us. Allowing the parties to apportion the settlement as they deemed fit could permit plaintiffs to circumvent the reimbursement rights of employers and their insurance carriers. The trial court acted within its discretion in computing the apportionment percentage between plaintiffs.

A problem remains as to the correctness of the formula used by the court. In its January 16, 1981, order of apportionment of settlement proceeds, the court first determined that the intervening plaintiff expended no costs, attorney fees, nor contrib-

uted in any way to the recovery. The court's order, in pertinent part, reads as follows:

"As the applicability of the *Franges'* formula *(Franges v General Motors Corp,* 404 Mich 590 [274 NW2d 392 (1979)]) is not clear to this Court, its ambiguity being evidenced by the inapposite proposed apportionment submitted by the respective parties, the Court adopts the formula of distribution pursuant to *Manninen v Warner & Swasey Co & Employers Mutual Ins Co of Wausau,* 80 Mich App 253 [263 NW2d 341 (1977)].

"Accordingly, an order of apportionment is hereby entered as follows:

"I.          ROSE TREADEAU

| | |
|---|---|
| Amount of settlement awarded to Rose Treadeau | $7,200.00 |
| 40% of costs disbursements ($3,641.76) | $1,456.70 |
| BALANCE | $5,743.30 |
| Less one-third attorney fee | $1,914.43 |
| Balance payable to Rose Treadeau | $3,828.87 |

"II.          DONALD J. TREADEAU

| | |
|---|---|
| Amount of settlement awarded to Donald J. Treadeau | $10,800.00 |
| 60% of costs disbursements ($3,641.76) | $2,185.06 |
| BALANCE | $8,614.94 |
| Less one-third attorney fee | $2,871.65 |
| Balance payable to Great American Insurance Co. for compensation benefits received by Donald J. Treadeau" | $5,743.29 |

The trial court's apportionment plan does not

appear to conform with the formula of *Franges, supra,* 619, in that it does not break down the costs of recovery into an apportionment percentage. In this case, the amount of settlement awarded to Donald J. Treadeau was less than the amount of the compensation benefits paid by the intervening plaintiff. The total cost of recovery was divided according to the amount of settlement awarded to the respective parties. Each party was charged a one-third attorney fee. The trial court did not abuse its discretion in finding either that Rose Treadeau was entitled to an amount equal to 40 percent of the gross recovery or in the formula it used to apportion the settlement proceeds.

Plaintiffs' claim that intervening plaintiff has waived its right to reimbursement is without merit because, under § 827 and under case law cited on the first issue herein, an intervening plaintiff has the option of either suing a third-party defendant or demanding reimbursment from a plaintiff following a recovery from the third-party defendant.

Any conversations, discussions, or conduct concerning the offer of compromise and settlement were inadmissible. Such evidence should have been excluded by the trial court.

Under MRE 408, such evidence was inadmissible. Rule 408, insofar as applicable herein, reads as follows:

"Evidence of (1) furnishing or offering or promising to furnish, or (2) accepting or offering or promising to accept, a valuable consideration in compromising or attempting to compromise a claim which was disputed as to either validity or amount, is not admissible to prove liability for or invalidity of the claim or its amount. *Evidence of conduct or settlements made in compromise negotiations is likewise not admissible.* This rule does not require the exclusion of any evidence

otherwise discoverable merely because it is presented in the course of compromise negotiations. This rule also does not require exclusion when the evidence is offered for another purpose, such as proving bias or prejudice of a witness, negativing a contention of undue delay, or proving an effort to obstruct a criminal investigation or prosecution." (Emphasis added.)

While such evidence was inadmissible, intervening plaintiff fails to show any prejudice in the admission of this evidence. Under GCR 1963, 529.1, admission of such evidence was harmless; therefore reversal is not required.

In the last issue, plaintiffs argue that the reimbursement provision under § 827 violates due process and equal protection laws. It is alleged that the statute arbitrarily chooses between compensation carriers and employees and, as interpreted by the trial court, places the compensation carrier in a position of superiority over the employee. We do not agree.

The Supreme Court in *Pelkey* found MCL 418.827; MSA 17.237(827) to be constitutional in that the right to reimbursement is justified by abrogation of the former election of remedies requirement. The Court held as applicable herein the following:

"Plaintiff states that the Legislature acted arbitrarily when it permitted insurers to reach an employee's recovery for pain and suffering and, therefore, she is being denied her right to substantive due process of laws, US Const, Am XIV, Const 1963, art 1, § 17, and the equal protection of the laws, US Const, Am XIV, Const 1963, art 1, § 2.

"We do not find the Legislature acted arbitrarily. Prior to 1952 PA 155 which amended MCL 413.15; MSA 17.189, an injured employee had to elect to pursue his common-law remedy against the third party or pursue

his workmen's compensation remedy. *Albert A Albrecht Co v Whithead & Kales Iron Works,* 200 Mich 109; 166 NW 855 (1918)." *Id.,* 492-493.

In interpreting subsection 8, MCL 418.827(8); MSA 17.237(827)(8), which grants carriers immunity from liability arising out of safety inspection activities, was not deemed by this Court to be violative of public policy or discriminatory in violation of equal protection in view of the Legislature's determination to the contrary as found in *Garrett v International Ins Co,* 68 Mich App 418, 420-421; 242 NW2d 798 (1976). This Court ruled that the grant of immunity was based on the public policy of encouraging safety inspections. Similarly, it is apparent that the Legislature granted employers and their insurance carriers the right to be reimbursed to avoid an unjust enrichment or "double-dipping" on the part of an employee who otherwise would be able to collect both workers' compensation benefits from his employer and his employer's carrier in addition to collecting a judgment from the third-party tortfeasor.

We affirm.