SEAY v SPARTAN AGGREGATE, INC

Docket Nos. 106255, 106539. Submitted January 11, 1990, at Grand Rapids. Decided April 2, 1990.

John D. Seay, an employee of Spartan Aggregate, Inc., was injured in 1974 in an automobile accident while in the course of his employment. Michigan Mutual Insurance Company, Spartan Aggregate's workers' compensation insurance carrier, voluntarily paid workers' compensation benefits of $106 per week to Seay. In 1975, Seay and his wife filed suit against the driver and owners of the second car involved in the accident in Kent Circuit Court alleging a claim for residual tort liability under the no-fault statute. Michigan Mutual was allowed to join the action as an intervening plaintiff claiming a lien on a portion of any recovery by the Seays. The case was settled in 1978 for $52,000. John Seay paid Michigan Mutual $11,524.39 as reimbursement for workers' compensation benefits he received from Michigan Mutual. Michigan Mutual decreased Seay's workers' compensation benefits from $106 per week to $48.47 per week, claiming it was entitled to an additional sum of money from Seay's third-party tort recovery. Seay filed a petition with the Bureau of Workers' Disability Compensation. In attempting to determine the amount of reimbursement Michigan Mutual was entitled to from Seay's third-party tort recovery and the amount of costs and attorney fees for which Michigan Mutual was responsible in seeking reimbursement for past or future payments of workers' compensation benefits, the referee reached one conclusion and, on appeal, the Workers' Compensation Appeal Board reached another. Both pa₊ties appealed to the Court of Appeals, raising issues objecting to the manner in which the WCAB allocated Seay's third-party tort recovery. The appeals have been consolidated.

The Court of Appeals *held:*

The WCAB lacked jurisdiction to make the apportionment

REFERENCES

Am Jur 2d, Workmen's Compensation §§ 436, 437, 683.

Workmen's compensation: attorney's fee or other expenses of litigation incurred by employee in action against third party tortfeasor as charge against employer's distributive share. 74 ALR3d 854.

decision. The responsibility for dividing attorney fees and apportioning the expenses of recovery between the parties is bestowed by the workers' compensation act on the court which had jurisdiction over the third-party action. Because the Bureau of Workers' Disability Compensation lacked jurisdiction to apportion expenses resulting from Seay's third-party recovery, the merit of the actual apportionment made by the WCAB at issue in this appeal is not addressed. A challenge to an apportionment of expenses of a third-party tort action must come to the Court of Appeals by appeal after a determination by the trial court. The decision of the WCAB is reversed and the matter is remanded to the Bureau of Workers' Disability Compensation for further proceedings.

Reversed and remanded.

WORKERS' COMPENSATION — THIRD-PARTY TORT RECOVERIES — EXPENSES OF RECOVERY — APPORTIONMENT — COURTS — JURISDICTION.

Authority to apportion expenses among the parties who obtain a recovery in a third-party tort action under the Workers' Disability Compensation Act expressly lies with the court which had jurisdiction over the third-party action, not with the Bureau of Workers' Disability Compensation; consequently, since the bureau lacks jurisdiction to determine the division and apportionment of expenses resulting from the plaintiff's third-party recovery, the Court of Appeals will not consider on appeal an apportionment made by the bureau or the Workers' Compensation Appeal Board (MCL 418.827[6]; MSA 17.237[827] [6]).

*Sinas, Dramis, Brake, Boughton, McIntyre & Reisig, P.C.* (by *Susan Przekop-Shaw* and *Jeffry H. Hall*), for plaintiff.

*Russell & Carowitz* (by *Rodney W. Fagerman* and *Robert S. Lipak*), for defendants.

Before: MURPHY, P.J., and HOOD and NEFF, JJ.

MURPHY, P.J. This consolidated appeal comes to this Court by leave granted from a Workers' Compensation Appeal Board decision dated January 8, 1988. The WCAB ruled that Michigan Mutual Insurance Company (defendant), the workers' compensation insurance carrier in this case, was only

entitled to reimbursement from the economic loss damages received by plaintiff in his third-party recovery and that defendant could not recover, by way of a lien, the entire proceeds plaintiff and his wife, Betty, had received in settlement of a third-party tort claim. We reverse.

The relevant facts are not disputed. In 1974, plaintiff was involved in a two-car accident while in the course of his employment with Spartan Aggregate, Inc. As a result of the accident, plaintiff was disabled from performing his employment duties with Spartan.

In 1975, plaintiff and his wife commenced a civil action in Kent Circuit Court alleging a claim for residual tort liability under the no-fault statute, MCL 500.3135; MSA 24.13135, against the driver and owners of the second car involved in the 1974 accident. The circuit court allowed defendant to join the action as an intervening plaintiff claiming a lien on a portion of plaintiff's recovery, presumably under the authority of MCL 418.827(5); MSA 17.237(827)(5). Defendant sought reimbursement in the amount of $19,458 for workers' compensation benefits paid to plaintiff at the rate of $106 per week from August, 1977, to March, 1981.[1]

The case was settled in 1978 for $52,000. Although, apparently, no order was entered by the trial court, plaintiff's attorney and the attorney for defendant signed a stipulation that apportioned plaintiff's recovery as follows: "$10,000 represents Betty Seay's loss of consortium and $14,000 represents plaintiff, John Seay's recovery of wage loss after 8/20/77 and $28,000.00 represents plaintiff John Seay's recovery for all noneconomic losses." No determination was sought or made in the

---

[1] Apparently Michigan Mutual was seeking reimbursement only for the period after Mr. Seay's no-fault wage loss benefits terminated. See *Great American Ins Co v Queen,* 410 Mich 73; 300 NW2d 895 (1980).

circuit court regarding the apportionment of expenses of recovery. See MCL 418.827(6); MSA 17.237(827)(6).

In February, 1981, defendant received payment from plaintiff in the amount of $11,524.39, the sum plaintiff claimed he owed defendant as reimbursement under the Workers' Disability Compensation Act. MCL 418.827(5); MSA 17.237(827)(5). Upon receipt of this amount, defendant decreased plaintiff's workers' compensation benefits from $106 per week to $48.47 per week. Defendant based this reduction on its claim that it was entitled to an additional sum of money from plaintiff's third-party tort recovery for reimbursement for past workers' compensation benefits paid to plaintiff. In response to defendant's unilateral action, plaintiff filed a petition with the Bureau of Workers' Disability Compensation.

In the bureau proceedings, both parties raised issues regarding the amount of reimbursement to which defendant was entitled from plaintiff's third-party tort recovery and the amount of costs and attorney fees for which defendant was responsible in seeking reimbursement for past or future payments of workers' compensation benefits. The referee, in attempting to apply the *Franges*[2] formula, reached one conclusion. The WCAB, which also attempted to apply the *Franges* formula, reached a different conclusion.

On appeal to this Court, both parties raise issues objecting to the manner in which the WCAB allocated plaintiff's third-party tort recovery and applied the *Franges* formula. However, we do not reach those issues because we conclude that the WCAB lacked jurisdiction to make this apportionment decision. Therefore, we reverse the decision

---

[2] *Franges v General Motors Corp,* 404 Mich 590; 274 NW2d 392 (1979).

of the WCAB and remand this case to the Bureau of Workers' Disability Compensation for action in accord with this opinion.

The jurisdiction of the Bureau of Workers' Disability Compensation is statutory. MCL 418.827; MSA 17.237(827) provides in pertinent part:

> (5) In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall forthwith be paid to the employee or his dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.
>
> (6) Expenses of recovery shall be the reasonable expenditures, including attorney fees, incurred in effecting recovery. Attorney fees, unless otherwise agreed upon, shall be divided among the attorneys for the plaintiff as *directed by the court.* Expenses of recovery shall be *apportioned by the court* between the parties as their interests appear at the time of the recovery. [Emphasis added.]

In *Mead v Peterson-King Co,* 24 Mich App 530; 180 NW2d 304 (1970), this Court construed a provision in the Workers' Disability Compensation Act that used virtually identical language to the present MCL 418.827(6); MSA 17.237(827)(6). This Court stated:

> The *court* referred to in the statute is the court which had jurisdiction over the third-party action. In view of the express language in the statute, there is no reason to believe the legislature intended to give the apportionment authority to the bureau of workmen's compensation. Since third-

> party actions are filed in a "court," rather than with the bureau of workmen's compensation, it follows that the legislature would deem the *court* in which the action was brought to be the appropriate forum, in the absence of an agreement by the interested parties, to divide and apportion the proceeds of the recovery. [*Mead, supra,* p 534. Emphasis in original.]

We find the reasoning in *Mead* to be persuasive and applicable to this case. Like that of its predecessor, the clear language of the current statute bestows the responsibility for dividing attorney fees and apportioning the expenses of recovery between the parties on the court, not on the Bureau of Workers' Disability Compensation. Reported cases assume as much. See *Franges, supra; Modeen v Consumers Power Co,* 384 Mich 354; 184 NW2d 197 (1971); *Logan v Edward C Levy Co,* 99 Mich App 356; 297 NW2d 664 (1980); *Manninen v Warner & Swasey Co,* 80 Mich App 253; 263 NW2d 341 (1977); *Schalk v Michigan Sewer Construction Co,* 62 Mich App 658; 233 NW2d 825 (1975); *Crawley v Schick,* 48 Mich App 728; 211 NW2d 217 (1973); *Hakkinen v Northern Advertising Co,* 38 Mich App 506, 511; 196 NW2d 863 (1972), on further review *Hakkinen v Lake Superior Dist Power Co,* 54 Mich App 451, 453; 221 NW2d 243 (1974).

Because the Bureau of Workers' Disability Compensation lacked jurisdiction to apportion expenses resulting from plaintiff's third-party recovery, this Court will not address the merit of the actual apportionment made by the WCAB at issue in this appeal. A challenge to an apportionment of expenses of a third-party court action, under the authority of MCL 418.827(6); MSA 17.237(827)(6), must come to this Court by appeal after a determination by the trial court.

Reversed and remanded. We do not retain juris-
diction.