McMIDDLETON v SECOND INJURY FUND

Docket No. 193423. Submitted July 1, 1997, at Detroit. Decided September
5, 1997, at 9:05 A.M. Leave to appeal sought.

Jane A. McMiddleton was injured in the course of her employment
with Great Lakes Steel as the result of falling down an elevator
shaft. The plaintiff thereafter filed a tort action in the Wayne Cir-
cuit Court against the elevator company and notified the Second
Injury Fund of the action. Although Great Lakes, as the worker's
compensation provider, intervened as a plaintiff in the action
against the elevator company, the Second Injury Fund did not inter-
vene in the action, but, rather, served on the plaintiff notice of its
statutory lien. Following a resolution of the plaintiff's action
against the elevator company, the circuit court, using the formula
set forth in *Franges v General Motors Corp*, 404 Mich 590 (1979),
entered an order that fixed the amount payable from the tort judg-
ment to Great Lakes pursuant to its lien as the worker's compensa-
tion provider for benefits already paid and the amount of credit
that Great Lakes could take against future worker's compensation
benefits payments that it might make. Subsequently, the Worker's
Compensation Appeal Board entered an order holding that the Sec-
ond Injury Fund was liable to the plaintiff for differential benefits
from the date she became totally and permanently disabled. Pursu-
ant to that order, the fund commenced payment of differential ben-
efits to the plaintiff; however, the fund reduced the plaintiff's
weekly differential benefits to reflect its statutory lien under MCL
418.827(5); MSA 17.237(827)(5) as a result of the plaintiff's tort
recovery. The plaintiff objected to the reduction and petitioned the
Worker's Disability Compensation Bureau for a hearing with
respect to the reduction. A magistrate held that she lacked jurisdic-
tion to adjudicate the validity of the fund's lien under § 827(5). The
Worker's Compensation Appellate Commission affirmed the magis-
trate's decision, holding that the reimbursement and future credit
under § 827 was properly the province of the circuit court that
heard the tort action and that the magistrate lacked jurisdiction to
allocate credit for the recovery in the tort action in accordance
with the *Franges* formula. The Second Injury Fund appealed by
leave granted.

The Court of Appeals *held*:

1. There is no statutory authority for the appellate commission's conclusion that the magistrate lacked jurisdiction to allocate credit for the recovery in the tort action against the liability of the Second Injury Fund for differential benefits. Although it was held in *Seay v Spartan Aggregate, Inc,* 183 Mich App 46 (1990), that the apportionment of attorney fees and expenses of recovery pursuant to MCL 418.827(6); MSA 17.237(827)(6) is within the exclusive jurisdiction of the court hearing the tort claim, that case does not purport to overrule the well-established authority that holds that, pursuant to MCL 418.827(5); MSA 17.237(827)(5), the Worker's Disability Compensation Bureau has exclusive authority to allocate the credit that an insurer that has paid worker's compensation benefits may take for payments received by an injured employee in a tort action arising out of the industrial accident that resulted in the worker's compensation payments. Accordingly, the magistrate had jurisdiction to make that allocation, and, on remand, the magistrate should make that allocation.

2. The Second Injury Fund's lien against the proceeds of the tort action is statutory. The fund was not required to intervene in the tort action in order to preserve that lien. Accordingly, the failure of the fund to intervene does not defeat its right to seek reimbursement pursuant to its statutory lien.

Reversed and remanded.

WORKER'S COMPENSATION — SECOND INJURY FUND — TORT JUDGMENTS — ALLOCATIONS OF CREDITS.

The exclusive authority to allocate the credit that an insurer that has paid worker's compensation benefits may take for payments received by an injured employee in a tort action arising out of the industrial accident that resulted in the worker's compensation payments is vested in the Worker's Disability Compensation Bureau (MCL 418.827[5]; MSA 17.237[827][5]).

*Kelman, Loria, Downing, Schneider & Simpson* (by *John W. Simpson*), for the plaintiff.

*Frank J. Kelley,* Attorney General, *Thomas L. Casey,* Solicitor General, and *Morrison Zack,* Assistant Attorney General, for the Second Injury Fund.

*Conklin, Benham, Ducey, Listman & Chuhran, P.C.* (by *Martin L. Critchell*), for Great Lakes Steel.

Before: Murphy, P.J., and Michael J. Kelly and Gribbs, JJ.

Per Curiam. Defendant Second Injury Fund appeals by leave granted the order of the Worker's Compensation Appellate Commission affirming the finding of the magistrate that she lacked jurisdiction to determine the fund's right to reimbursement from proceeds obtained in a third-party tort action. We reverse.

The parties stipulated the relevant facts. In January 1980, plaintiff was injured in the course of her employment at Great Lakes Steel when she fell down an open elevator shaft. On June 18, 1990, the Worker's Compensation Appeal Board found plaintiff to be totally and permanently disabled.

Plaintiff filed a third-party tort action against Otis Elevator Company in connection with her work-related injury. On August 24, 1984, plaintiff's attorney notified the Second Injury Fund that plaintiff had filed the third-party action and that plaintiff contested any subrogation or reimbursement rights of the fund. On April 7, 1986, the Second Injury Fund filed a notice of lien in the third-party action. Great Lakes Steel intervened as a plaintiff in the third-party action; the Second Injury Fund did not.

On August 27, 1986, the Wayne Circuit Court entered an order in the third-party action determining the amount of the "Worker's Compensation Carrier's Lien and Future Credit" that was payable to Great Lakes Steel, as the workers' compensation provider, pursuant to the formula set forth in *Franges v General Motors Corp*, 404 Mich 590; 274 NW2d 392 (1979). At that time no benefit award had been entered against the fund. However, according to the

WCAB order of June 18, 1990, the fund became liable to plaintiff for differential benefits pursuant to MCL 418.521(2); MSA 17.237(521)(2), calculated from the onset date of her total and permanent disability, February 7, 1980, for the duration of her total disability.

After the WCAB ordered the Second Injury Fund to provide benefits, the fund reduced plaintiff's weekly differential benefits to reflect its statutory lien on plaintiff's third-party tort recovery, as authorized by MCL 418.827(5); MSA 17.237(827)(5). Plaintiff objected to the reduction and filed a petition for hearing against the fund. The magistrate held that she lacked jurisdiction to adjudicate the validity of the fund's lien under § 827(5).

On appeal, the Worker's Compensation Appellate Commission affirmed the magistrate's decision, relying on *Seay v Spartan Aggregate, Inc*, 183 Mich App 46; 454 NW2d 186 (1990). The commission found that the determination of disability and benefit rate issues were under the exclusive jurisdiction of the Worker's Compensation Bureau. However, the commission stated that "[w]hen a third party recovery is superimposed upon this situation, the reimbursement and future credit available through § 827 and *Franges* is properly the province of the trial court hearing any subsequent third party claim made by a plaintiff." The commission found that the fund's failure to intervene in the third-party tort action was fatal to its attempt to offset the amount of its lien against plaintiff's differential benefits, because, under the circumstances, the Worker's Compensation Bureau lacked jurisdiction to apply the *Franges* formula.

There is no statutory support for the commission's conclusion that the magistrate lacked jurisdiction to

apply the *Franges* formula. MCL 418.827(5); MSA 17.237(827)(5) provides:

> In an action to enforce the liability of a third party, the plaintiff may recover any amount which the employee or his or her dependents or personal representative would be entitled to recover in an action in tort. Any recovery against the third party for damages resulting from personal injuries or death only, after deducting expenses of recovery, shall first reimburse the employer or carrier for any amounts paid or payable under this act to date of recovery and the balance shall immediately be paid to the employee or his or her dependents or personal representative and shall be treated as an advance payment by the employer on account of any future payments of compensation benefits.

MCL 418.827(6); MSA 17.237(827)(6) provides for the apportionment of attorney fees and expenses of recovery by the court. In *Seay v Spartan Aggregate, Inc, supra* at 51, this Court held that the specific references to the division of attorney fees and apportionment of expenses in § 827(6) bestowed exclusive responsibility on the trial court for dividing attorney fees and allocating expenses. The *Seay* panel held that the Worker's Compensation Bureau lacked jurisdiction to apportion expenses resulting from the plaintiff's third-party tort recovery and attorney fees and that any challenge to the determination of fees and expenses must come to the Court of Appeals after a decision by the trial court. *Id.*

The holding in *Seay* was grounded on this Court's interpretation of subsection 6, which explicitly provides that "[a]ttorney fees . . . shall be divided among the attorneys for the plaintiff as directed *by the court*," and that "[e]xpenses of recovery shall be apportioned *by the court*" (emphases added). Subsec-

tion 5 does not contain similar language. Before *Seay*, this Court had found that the Worker's Compensation Bureau is vested with authority to allocate credit from third-party tort judgments to insurers that paid worker's compensation benefits. *Logan v Edward C Levy Co*, 99 Mich App 356, 360; 297 NW2d 664 (1980); *Hakkinen v Lake Superior Dist Power Co*, 54 Mich App 451, 453; 221 NW2d 202 (1974). *Seay* did not purport to overrule the prior holdings of this Court. Accordingly, we conclude that the Worker's Compensation Bureau, the administrative body vested with the power to review "[a]ny dispute or controversy concerning compensation or other benefits" and resolve "all questions arising under [the Worker's Disability Compensation Act]," MCL 418.841(1); MSA 17.237(841)(1), *Aetna Life Ins Co v Roose*, 413 Mich 85, 90-91; 318 NW2d 468 (1982), is jurisdictionally empowered to determine the validity of a benefits provider's lien arising under MCL 418.827(5); MSA 17.237(827)(5). Under the circumstances of this case, the magistrate could as easily apply the *Franges* formula as could a successor judge in the Wayne Circuit Court.[1]

At the time the circuit court entered its order allocating payment under the judgment, the fund had denied plaintiff's claim for benefits. There was no basis on which the court could have allocated any

---

[1] We note that calculation and apportionment of attorney fees and recovery expenses are an inherent part of a full application of the *Franges* formula to the facts of a given case. See *Franges, supra* at 617-623. Of course, under *Seay, supra*, the magistrate is prohibited from making these calculations. However, application of the *Franges* formula in the instant case does not implicate the verboten determinations, because the Second Injury Fund did not participate in the third-party action, and therefore is not responsible for fees or costs of recovery.

amount to offset the fund's liability, because its obligation to pay differential benefits had not yet arisen. Appellees argue that the fund was required to intervene in the third-party action to protect its right of reimbursement. This is incorrect. That the fund had a statutory lien against the proceeds of the third-party tort action pursuant to § 827(5) is beyond cavil. The Second Injury Fund filed notice of its lien in the circuit court. It was not required to intervene in the circuit court action to preserve its lien. *Tucker v Claire Bros Ltd*, 196 Mich App 513, 518-519; 493 NW2d 918 (1992).[2]

We reverse the decision of the WCAC and remand this matter to the Board of Magistrates for computation of the Second Injury Fund's reimbursement rights pursuant to its statutory lien. We do not retain jurisdiction.

---

[2] While the worker's compensation benefits provider is not required to intervene in a third-party tort action to protect its statutory lien, we acknowledge that "the better practice is to formally intervene." *Tucker, supra* at 518.